The order of the court here excepted to is not an order granting or refusing temporary alimony or a final disposition of the case, and is not such as may be brought to the Supreme Court for decision by direct bill of exceptions under the Code, §§ 30-214, 6-903. Berryman v. Berryman, 147 Ga. 556
(94 S.E. 1013). The case differs from Wardlaw v. Wardlaw, 39 Ga. 53, in which the exception was to a judgment granting alimony, and in which error was also assigned on an antecedent ruling refusing a continuance.
Writ of error dismissed. All the Justicesconcur.
 No. 12883. OCTOBER 13, 1939.
A suit was instituted for permanent and temporary alimony, including attorney's fees, under the Code, §§ 30-202, 30-213, providing for the grant of alimony where no action for divorce is pending. A rule nisi was duly issued. Before the hearing of the case the husband filed in the same court his suit for divorce. The judge entered an ex parte order directing that "all proceedings in within stated petition for alimony, including the taking of testimony by deposition, interrogatories, or otherwise, be and the same are hereby held in abeyance until the further order of this court," and declaring that "this order shall not be construed as limiting the rights of [the wife] in any other action pending in this or any other court." The petitioner for alimony, having learned of the ex parte order, presented her motion to modify its terms and vacate the order, on the grounds that the order was "(a) improvidently granted ex parte without a hearing: (b) contrary to law: (c) a denial to petitioner of her right to a hearing in said case on the evidence; and (d) in law an ex parte denial of temporary alimony and attorneys' fees, without the court hearing *Page 121 
any evidence in the case." On the hearing this motion was overruled, and the movant excepted.