30422. HARTSFIELD COMPANY INC. *v.* WHITFIELD.

DECIDED MAY 24, 1944. REHEARING DENIED JUNE 7, 1944.

*Mose S. Hayes, Robert S. Dennis, Melvin B. Hughie,* for plaintiff.
*Russell G. Turner, Victor K. Meador,* for defendant.

SUTTON, P. J. Hartsfield Company Inc. filed suit on a note against Ernest Lee Whitfield in the civil court of Fulton County, on March 3, 1943. The note sued on was signed by Ernest Lee Whitfield, Mary Biles, and H. F. Horton, and it was alleged in the petition that the reason the other two makers of the note were not sued was that Mary Biles had moved out of this State, and H. F. Horton was in the military service of the United States. The note sued on was a joint and several obligation, and it appears from the petition that the balance due thereon was $42.06. Whitfield filed a plea, stating that H. F. Horton was in the military service of the

United States, and asked for a stay of the proceeding for that reason. No defense to the suit on the note was claimed. He testified that he signed the note as comaker or surety for H. F. Horton, and that Mary Biles signed it in the same capacity; that Horton received the proceeds, and that he is now in the military service of the United States, serving as a private first class in the Marine Corps; that at the time he signed the note his salary was $25 or $27.50 per week, and at the time of the trial, $35 per week. The note sued on was introduced in evidence. The judge of the civil court of Fulton County entered a judgment, staying the case until further order of the court. The plaintiff made a motion for a new trial, which was overruled, and on appeal to the appellate division of said court, the judgment was affirmed. The exception here is to that judgment.

The record discloses that two of the three judges sitting in the appellate division of the civil court of Fulton County were of the opinion that the trial judge had the right under the soldiers' and sailors' civil relief act of 1940 to exercise a discretion and grant a stay of this proceeding, and that this case is controlled by the decision in the case of *Gates* v. *Gates,* 197 *Ga.* 11 (28 S. E. 2d, 108), and for that reason the judgment of the trial judge was affirmed. It is true that an action or proceeding in any court in which a person in the military service is involved, either as plaintiff or defendant, may, in the discretion of the court in which it is pending, be stayed, as provided in the soldiers' and sailors' civil relief act of 1940. Section 201 of said act (50 U. S. C. A., Appendix, § 521), provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of the plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." 50 U. S. C. A. Appendix, § 513 (1) provides: "Whenever pursuant to any of the provisions of this act the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ, judgment, or decree, or the per-

formance of any other act, may be stayed, postponed, or sus-pended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers, accommodation makers, and others, whether primarily or secondarily subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended." We are of the opinion, however, that the soldiers' and sailors' civil relief act is in no way applicable to the present case, nor is the decision of *Gates* v. *Gates,* supra, controlling herein. This was a suit on a promissory note, which was signed by the defendant, Whitfield, and by Mary Biles and H. F. Horton. The note recited that "I or we jointly and severally promise to pay," and therefore it was a joint and several obligation. The plaintiff sued Whitfield alone on this note, as it had the right to do, irrespective of whether H. F. Horton was in the armed services of the United States, or whether Mary Biles was in or out of this State. "The holder of a joint and several note may sue the obligors jointly or severally, or sue any one of the signers alone. On such an obligation he may sue the principal and the surety jointly, or at his option he may sue either the principal or the surety alone." *Johnson* v. *Georgia Fertilizer & Oil Co.,* 21 *Ga. App.* 530 (3) (94 S. E. 850). To the same effect, see *McKibben* v. *Fourth National Bank,* 32 *Ga. App.* 222 (5) (122 S. E. 891), and *Barnett* v. *Ferris,* 39 *Ga. App.* 206 (146 S. E. 345), and cit. Where under the law the plaintiff had the right to sue and proceed against Whitfield alone on the note here involved, it follows that the defendant would not be entitled to hold up the proceedings on the ground that H. F. Horton was in the military service of the United States. And especially is this true where it does not appear that the rights of the defendant would in any way be prejudiced by the present suit. As above stated, the defendant did not set up or claim any defense to the note sued on, but only sought a stay of the suit on the ground that H. F. Horton, who was not a party to the suit, was in the military service of the United States.

Under the facts of this case and the law applicable thereto, the plaintiff was entitled to a judgment against Whitfield for the balance due on the note sued on, and the appellate division of the civil court of Fulton County erred in affirming the judgment of the trial judge, staying the case.

*Judgment reversed. Felton and Parker, JJ., concur.*