39327. TRACY'S AUTO PARTS, INC. v. TURNER.

DECIDED FEBRUARY 23, 1962.

*Gowen, Conyers, Fendig & Dickey, Chris B. Conyers,* for plaintiff in error.

*Anthony A. Alaimo,* contra.

NICHOLS, Presiding Judge. The usual general grounds of the

defendant's motion for new trial having been abandoned, the sole question presented is whether the trial court erred in permitting the plaintiff to withdraw his cross-examination adduced while taking the deposition of a witness and not allowing the defendant to read all of such deposition to the jury.

In support of such position the defendant relies on the following excerpt of the act of 1959 (Ga. L. 1959, pp. 425, 428; *Code Ann.* § 38-2101 (d) (5)): "If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts." No cases have been cited by counsel for either party construing the last portion of such sentence, and this court has located none, yet in the case of *Williams v. Kelsey & Halsted*, 6 Ga. 365, decided in 1849, the Supreme Court held: "Where a witness is examined by commission, the party cross examining may withdraw his cross questions if he chooses—the other party having the liberty to read them at his option." See also *Bond v. Carter*, 14 Ga. 697 (2). However, it appears obvious that such reference to the introduction of any other part of the deposition must have reference to such parts as would otherwise be relevant and admissible under the rules of evidence, and not to such parts as would be inadmissible and subject to proper objection.

The cross-examination of the witness, elicited by the plaintiff when the deposition was taken, was offered in whole and as Chief Justice Duckworth said in the case of *Dorsey v. Dorsey*, 189 Ga. 662 (4) (7 SE2d 273): "Where testimony of a witness is offered in evidence as a whole, it is not error to disallow the same, where a portion of the proffered testimony is inadmissible." The cross-examination of the witness covered approximately nine pages in the amended motion for new trial and included, among other things, answers not responsive to questions, answers evincing a lack of ability to answer the question asked, and other answers which would be subject to proper objection, and which the plaintiff could properly ask to be excluded from the jury's consideration by withdrawing such testimony elicited while cross-examining the deponent. See also as to the right of the trial court to exclude evidence offered in whole where a part is not

admissible. *Burch v. Swift*, 118 Ga. 931 (2) (45 SE 698); *Mc-Daniel v. Richards*, 64 Ga. App. 612, 618 (13 SE2d 710); *Ellis v. Poe & Bro.*, 109 Ga. 422 (34 SE 567), and citations.

The trial court did not err in overruling the amended motion for new trial.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*