42220. MILLHOLLAND v. OGLESBY.

A<small>RGUED</small> S<small>EPTEMBER</small> 6, 1966—D<small>ECIDED</small> O<small>CTOBER</small> 26, 1966—R<small>E-</small>
<small>HEARING</small> <small>DENIED</small> D<small>ECEMBER</small> 6, 1966—

*Sam D. Hewlett, Jr., Florence Hewlett Dendy,* for appellant.
*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, David A. Handley,* for appellee.

EBERHARDT, Judge. ■ The proceeding to take plaintiff's deposition was under the Depositions and Discovery Act of 1959 (Ga. L. 1959, p. 425, et seq.) now found in *Code Ann.* § 38-2101 et seq. The Act was taken from the Federal Rules of Civil Procedure and with slight immaterial variations its sections are substantially identical to corresponding rules. Because of this similarity it is proper that we give consideration

and great weight to constructions placed on the Federal Rules by the federal courts. *McCallum v. Twiggs County Bank,* 172 Ga. 591 (1) (158 SE 302, 74 ALR 932) ; *Burkhalter v. Glennville Bank,* 184 Ga. 147, 157 (190 SE 644) ; *State Revenue Commission v. Brandon,* 184 Ga. 225 (190 SE 660) ; *Atlanta Newspapers v. State of Georgia,* 101 Ga. App. 105, 110 (3) (113 SE2d 148) ; *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 72 (1) (123 SE2d 693) ; *Sorrells v. Cole,* 111 Ga. App. 136, 138 (141 SE2d 193).

Plaintiff objects to traveling from his home in Ohio to Atlanta for giving the deposition, but this has been urged in similar situations in federal courts where it has been held many times that ordinarily one who chooses a forum should be required to make himself available for examination in that forum. Among those declaring the principle was Judge Whittaker, afterwards Mr. Justice Whittaker, in Perry v. Edwards, 16 FRD 131 (2). Accord: Roerich v. Esquire Coronet, 1 FRD 692; Fruit Growers Co-operative v. California Pie & Baking Co., 3 FRD 206; Sullivan v. Southern Pacific Co., 7 FRD 206; Producers Releasing Corp. v. PRC Pictures, 8 FRD 254, 256. "The suggestion that, because appellant (plaintiff) resided in Oregon, the District Court of the United States for the District of Arizona, whose jurisdiction he had invoked, could not require him to give a deposition in Arizona is untenable. If he wished to be relieved from going to Arizona, he could and should have sought such relief by a 'motion seasonably made' as provided in Rule 30 (b). . . Instead he disregarded the notice and the court's order and wilfully failed to comply with either." Collins v. Wayland, 139 F2d 677. Accord, *Reynolds v. Reynolds,* 217 Ga. 234, 239 (123 SE2d 115).

Rule 30 (b) of the Federal Rules is identical with *Code Ann.* § 38-2105 (b). If the plaintiff here had good cause to be relieved from coming from Ohio to Georgia to give his deposition he should have sought a relieving order under that provision (*Reynolds v. Reynolds,* 217 Ga. 234, 239, supra), but he did not. He simply disregarded the notice and did nothing until the defendant moved to dismiss the action. "[T]his court should never pass upon [a contention] unless it clearly appears

in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." *Savannah F. & W. R. Co. v. Hardin,* 110 Ga. 433, 437 (35 SE 681). Consequently the matter of whether he had good cause is not properly before us and we would make no ruling on it even if there were an appealable judgment.

The sanction of dismissal sought by the motion, as well as that of entering a stay, is authorized under *Code Ann.* § 38-2111 (b) (2) (iii), which, as we have pointed out in the statement of the facts, is identical to Rule 27(b) (2) (iii) of the Federal Rules.[2]

Appellant urges that the order of stay was unauthorized because no subpoena had been served on him requiring that he appear in Atlanta for the taking of his deposition—it having been sought purely on the basis of a notice from the defendant. This is without merit, for as between *parties* no subpoena is required or necessary. "Rule 37(d)[3], as interpreted by the courts dispense[s] with the need for the issuance and service of a subpoena upon a *party* to appear and give his deposition." Perry v. Edwards, 16 FRD 131, 133. Accord: Peitzman v. City of Illmo, 141 F2d 956; Collins v. Wayland, 139 F2d 677, supra. *Code Ann.* § 38-2112 has application to the taking of depositions of witnesses, not parties. Cf. *Sorrells v. Cole,* 111 Ga. App. 136 (2c), 141 (141 SE2d 193).

In Rule 37, as in *Code Ann.* § 38-2111, there is use of the phrases "failure to comply," "refuse to answer," "refuse to obey," and "wilfully fail to appear" as descriptive of the "disobedient party." This has created much confusion as to whether the sanction should be applied alike when there has been a negligent failure to appear because of forgetfulness, or a failure because of advice from his attorney, or a failure because the

---

[2]Those who are interested in researching the matter will find helpful comments and articles in 41 Yale L. J. 539; 59 Yale L. J. 117; 60 Yale L. J. 1132; 69 Yale L. J. 333; 68 Harv. L. Rev. 673; 73 Harv. L. Rev. 909; 47 Col. L. Rev. 239; 58 Col. L. Rev. 480; 51 NwU.L. Rev. 746; 36 Minn. L. Rev. 364; 43 Calif. L. Rev. 97; 7 U. Chi. L. Rev. 297; 35 Texas L. Rev. 481; 26 Tenn. L. Rev. 475; 33 Ky. L. J. 139.

[3]Identical to *Code Ann.* § 38-2111 (d).

party notified simply declines, or positively refuses, to do so.[4] The Supreme Court of the United States (where there was a dismissal for a failure that could not be characterized as wilful in nature) has considered that matter. "Petitioner has urged that the word 'refuses' implies willfulness and that it simply *failed* and did not *refuse* to obey since it was not in willful disobedience. But this argument turns on too fine a literalism and unduly accents distinctions found in the language of the various subsections of Rule 37. . . For purposes of subdivision (b) (2) of Rule 37, we think that a party 'refuses to obey' simply by failing to comply with an order. So construed the Rule allows a court all the flexibility it might need in framing an order appropriate to a particular situation. Whatever its reasons, petitioner did not comply with the production order. Such reasons, and the willfulness or good faith of petitioner, can hardly affect the noncompliance and are relevant only to the path which the District Court might follow in dealing with petitioner's failure to comply." Societe Internationale v. Rogers, 357 U. S. 197, 207 (78 SC 1087, 2 LE2d 1255). Cf. *Reynolds v. Reynolds*, 217 Ga. 234, 239, supra.

Consequently, the court is authorized to apply any sanction provided in any situation, but will, as Professor Rosenberg points out,[5] likely apply the less harsh sanction when it appears that intentional disregard of the notice or order was not involved. Good faith is a relevant consideration. B. F. Goodrich Tire Co. v. Lyster, 328 F2d 411 (5th Cir.); Campbell v. Eastland, 307 F2d 478 (5th Cir.). Here the judge might have dismissed the action, but he chose rather to stay it. Either was authorized as a sanction for failure to appear. Additionally,

---

[4]See a full discussion of this, and of the related problem as to the meaning of Subsection (a) in making provision for dealing with a party who "refuses to answer *any* question propounded upon oral examination" or who refuses to answer "*any* interrogatory submitted," in Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Col. L. Rev. 480. Does it mean refusal to answer any one question, or does it mean refusal to answer all questions?

[5]Rosenberg, Discovery Sanctions, supra.

the statute authorizes the court to make such orders "as are just" in connection with failure or refusal to appear.

Even prior to the adoption of the Deposition and Discovery Act the courts of this state were clothed with an inherent power to enter orders imposing sanctions upon one who refused to comply with discovery orders, perhaps even to the dismissal of his action or the striking of his pleading, as is indicated by *Code* § 24-104 and *Richmond & D. R. Co. v. Childress,* 82 Ga. 719 (9 SE 602), 3 LRA 808, 14 ASR 189).

However, the statutory authorization for entry of the order of stay is ample, aside from whatever inherent power the court may possess.

■ Is the order of stay appealable?[6]  Several sanctions are

---

[6]Generally, discovery orders are not appealable. For example: an order for the production, copying, inspection, and photographing of documents to be used on the trial (Cogen v. United States, 278 U. S. 221 (49 SC 118, 73 LE 275); Fox v. Capital Co., 299 U. S. 105 (57 SC 57, 81 LE 67)); leave to make physical examination of plaintiff (Union Pacific R. Co. v. Botsford, 141 U. S. 250 (11 SC 1000, 35 LE 734)); for subpoena duces tecum (Murray v. Louisiana, 163 U. S. 101, 107 (16 SC 990, 41 LE 87); American Lithographic Co. v. Werkmeister, 221 U. S. 603 (31 SC 676, 55 LE 873)); denial of a "motion to produce" (Griffin v. Locke, 286 F2d 514 (9th Cir.)). All prior interlocutory orders are, of course, reviewable upon the appeal of a final judgment in the case. See 4 Moore's Federal Practice, § 26.37. For example, prior orders upholding or denying: refusal of counsel to disclose names, statements, etc. under claim of work-product protection (*Setzers Super Stores v. Higgins,* 104 Ga. App. 116 (121 SE2d 305)); motion to quash interrogatories (*Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340, 356 (124 SE2d 758), reversed on other grounds in 218 Ga. 193 (126 SE2d 785)); withdrawal of cross-examination when deposition offered in evidence (*Tracy's Auto Parts v. Turner,* 105 Ga. App. 418 (124 SE2d 687)); striking answer because of default in answering interrogatories within 15 days (*Wilson v. Barrow,* 107 Ga. App. 555 (4) (130 SE2d 812)); objection to interrogatories (*Fricks v. Cole,* 109 Ga. App. 143, 147 (135 SE2d 512); *Grasham v. Southern R. Co.,* 111 Ga. App. 158 (141 SE2d 189)); exclusion of cross examination on deposition (*Richardson v. Potter,* 109 Ga. App. 559 (4) (136 SE2d 493)).

available under *Code Ann.* § 38-2111; some are final in character and are thus appealable, e. g., contempt (Union Tool Co. v. Wilson, 259 U. S. 107 (42 SC 427, 66 LE 848); *Sorrells v. Cole,* 111 Ga. App. 136, supra; *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144 (141 SE2d 112)); or the dismissal of the action (*Rider v. Rider,* 110 Ga. App. 382 (138 SE2d 621), and cf. *Floyd & Beasley Transfer Co. v. Copeland,* 107 Ga. App. 304 (130 SE2d 143)), but not all of them. In Hartley Pen Co. v. United States District Court, 287 F2d 324, 329 (9th Cir.) it was asserted: "The weakness of [the] . . . argument is that not all of the sanctions which the district judge might impose under Rule 37 are final and therefore appealable. Rule 37 lists a large number of sanctions which may be imposed. Some of these are clearly interlocutory and not final or appealable, such as a particular fact may be taken as established, or refusing to allow a party to support or oppose designated claims or defenses, or to prohibit from introducing certain evidence, or striking pleadings, *or staying proceedings.*" (Emphasis supplied.)[7] Accord: United States v. Richardson, 204 F2d 552 (5th Cir.); Zalatuka v. Metropolitan Life Ins. Co., 108 F2d 405 (7th Cir.); Mottolese v. Preston, 172 F2d 308 (2d Cir.). The interlocutory order is "but a preliminary, inconclusive step on the road toward final disposition of the proceeding on the merits." Merino v. Hocke, 289 F2d 636, 638 (9th Cir.). It may be modified or revoked when it appears to the court that the purpose has been served, or that justice requires it. The party may render it inoperative at any time he decides to obey.

Direction that the case be removed from the trial calendar does not make the order final in nature or appealable. Zalatuka v. Metropolitan Life Ins. Co., 108 F2d 405, 406, supra.

In concluding that the stay order was not final, and thus was not an appealable order or judgment under the requirements of

---

[7]If the stay is an exercise of the court's equity power, as opposed to the statutory power, it may be appealable in the federal courts. See Judge Medina's discussion of this in Lyons v. Westinghouse Elec. Corp., 222 F2d 184, 190 (2d Cir.). This flows from 28 USCA § 1292.

the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* §§ 6-701, 6-809(b)(2)), we are not unaware of decisions of the Supreme Court and of this court in which it is held that the grant or denial of a stay under the Soldiers and Sailors Civil Relief Act (50 USCA § 521) is a final judgment on the collateral matter of stay and is appealable. See *City of Cedartown v. Pickett,* 194 Ga. 508 (22 SE2d 318); *Gates v. Gates,* 197 Ga. 11 (28 SE2d 108); *Howard v. Howard,* 203 Ga. 782 (48 SE2d 451); *Parker v. Parker,* 207 Ga. 588 (63 SE2d 366); *Hartsfield Co. v. Whitfield,* 71 Ga. App. 257 (30 SE2d 648); *Brown v. Brown,* 89 Ga. App. 428 (80 SE2d 2); *Saborit v. Welch,* 108 Ga. App. 611 (133 SE2d 921). There is no similarity, however, in the "preliminary, inconclusive step on the road toward a final disposition of the proceeding on the merits"—the grant or denial of a stay in pretrial discovery—and the grant or denial of a stay under the Soldiers and Sailors Civil Relief Act to a party whose presence at the trial is rendered impossible by the call of his country to military service. A substantial right of a party to the litigation is to be present at the trial and render assistance to his counsel as the developments unfold. Consequently, unless it is a situation in which no harm could accrue by reason of his absence, generally recognized as an exception in the statute, a member of the military service is entititled as of right to the stay. This is no part of any pre-trial preparation for trial, or of the proceeding itself. It is a collateral right conferred by the Act of Congress, to a particular class of parties—those who are members of the military service. It is available to no other. The matter of stay then, as to them, is a separate, collateral one, the grant or denial of which is a final, appealable judgment.

Nor are we unaware of the rule in *Levine v. Levine,* 204 Ga. 313 (1) (49 SE2d 814, 4 ALR2d 1205), that the interrupting of a case on trial and entering an order directing one of the parties to convey to the other certain property (for which there was no prayer in the petition), as a condition precedent to a further prosecution of the case, was a final and appealable order. There was no statutory authority for the order, and certainly a judgment for the payment of a specified sum of money, or for the

transfer of specified property to which one holds title, is a final judgment from which an appeal must be afforded.

In *Acres v. King*, 109 Ga. App. 571 (136 SE2d 510), there was a judgment requiring the payment of a specified attorney's fee. While it was done in connection with a discovery proceeding, it amounted to a judgment for a specific sum of money —thus a final judgment and appealable.

It is urged here that the alternative provision in the order giving the plaintiff the option of having his deposition taken in Ohio provided he should defray the expenses, including a reasonable attorney's fee, brings the situation within the rule of *Acres v. King*, supra. We do not agree. In *Acres* no option was provided. There was no alternative. One party was simply awarded a judgment against the other for a specified attorney's fee—a judgment he could escape only by making payment, or by an appeal. Here no specific attorney's fee was awarded. None was ordered paid. There is no enforceable judgment for the payment of any amount. The plaintiff was simply afforded an option of coming to Atlanta and giving his deposition, or arranging for it to be done at his expense in Ohio if he preferred that. If there had been an application "seasonably made" under *Code Ann.* § 38-2105(b) for an order relieving plaintiff of his obligation to come to Atlanta, the court was authorized to make such order as "justice requires"—which may very well include this alternative provision. Discovery orders, of course, can be reviewed on an appeal from a final judgment. 2A Barron & Holtzoff, Federal Practice & Procedure, § 657. See footnote 6, supra.

We conclude that, although the court was fully authorized to enter the stay order, it was not a final, appealable one within the requirements of the Appellate Practice Act of 1965, and the appeal must be

*Dismissed. Bell, P. J., and Jordan, J., concur.*