230

UNDERCOFLER, Justice. Appellant, a nonresident plaintiff suing in Fulton County, Georgia, contends that the Court of Appeals erred in holding that the trial court's order staying proceedings until appellant appears in Fulton County for the taking of his depositions or pays the expenses, including attorney's fees, of taking them at his place of residence is not a final judgment subject to review. This court granted certiorari to review this ruling. See *Milholland v. Oglesby*, 114 Ga. App. 745 (152 SE2d 761). *Held:*

Justice is the object of all judicial investigations. To this end Georgia adopted a comprehensive discovery statute and gave the courts extensive power to enforce compliance therewith. *Code Ann. Ch.* 38-21. Under its provisions the court may on motion strike pleadings, dismiss the action or any part thereof, or enter a default judgment when a party wilfully fails to appear for depositions. *Code Ann.* § 38-2111 (d). At the same time the court has inherent power to enforce disclosure by a plaintiff applying to its forum for relief. *Code* § 24-104. *Richmond & D. R. Co. v. Childress*, 82 Ga. 719 (9 SE 602, 3 LRA 808, 14 ASR 189); *Hendricks v. Hendricks*, 215 Ga. 408, 410 (1) (110 SE2d 659).

Under certain circumstances the court may decide the sanctions provided by statute are too severe and apply less harsh measures under its inherent power to enforce obedience. One such power is to stay the proceedings until the party complies with the court's order. *Irby v. Irby*, 167 Ga. 708 (146 SE 489). The stay may be for a fixed period of reasonable length calculated to compel compliance with the discovery procedures. Such orders contemplate further action and, being interlocutory, are not appealable. *Langston v. Langston*, 189 Ga. 120 (5 SE2d 336). However, the stay may be for an indefinite period and require the party to comply therewith or be barred forever from proceeding with his action. In such case, it is our opinion where a party contends that it is impossible for him to comply, as here, such an order effectively terminates his right to trial and is a final adjudication subject to review. *Mendenhall v. Stovall*, 191 Ga. 452 (12 SE2d 589); *Levine v. Levine*, 204 Ga. 313 (49 SE2d 814, 4 ALR2d 1205).

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 14, 1967—DECIDED MARCH 23, 1967.

*Sam D. Hewlett, Jr., Florence Hewlett Dendy,* for appellant.
*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, David A. Handley,* for appellees.