## 29548. REAMS et al. v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS et al.

HILL, Justice.

The Composite State Board of Medical Examiners and eleven of its members filed suit in Fannin Superior Court pursuant to Code Ann. § 84-929 seeking to enjoin defendant Carey A. Reams from the unlicensed practice of medicine. The defendant Blue Ridge Health Lodge, Inc., was added by amendment. Following a hearing, the injunction issued and the defendants have appealed, enumerating two grounds as error.

1. Appellants' first enumeration asserts that the court below erred in sustaining appellees' motion for protective order and thereby prohibiting the taking of the eleven individual plaintiffs' depositions at the courthouse

of the forum selected by plaintiffs, to wit: the Fannin County Courthouse.

Defendant Reams gave notice of the taking of the deposition of each of the individual plaintiffs, for the purpose of cross examination and discovery, at the forum courthouse, on a given date at specified intervals of time.

Plaintiffs moved for a protective order pursuant to Code Ann. § 81A-126 (c), which provides in pertinent part that: "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or, alternatively, on matters relating to a deposition, the court in the county where the deposition is to be taken, may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery . . ."

The Composite State Board of Medical Examiners is composed in part of one physician from each congressional district. Code Ann. § 84-903 (Ga. L. 1970, pp. 301, 304).

The trial court entered an order that the president of the board would submit himself for deposition at the forum courthouse, but that the other members would be deposed in the county of their respective residences, or in Fulton County at the board's next meeting there or by written interrogatories. Each provision of the protective order is expressly authorized by Code Ann. § 81A-126 (c), quoted above.

The issue in this case involved the conduct of the defendants, not the plaintiffs. The record discloses no attempt by the defendants to show to the trial court any possible item of evidence or discovery necessary or helpful to their defense which the protective order prevented them from obtaining.

Ordinarily one who chooses a forum should be required to make himself available for examination in that forum. See *Millholland v. Oglesby,* 114 Ga. App. 745 (1 b) (152 SE2d 761); s. c., 223 Ga. 230 (154 SE2d 194); s.

c., 115 Ga. App. 715 (155 SE2d 672). However, the cited case involved a plaintiff residing in Ohio who filed a personal injury suit in Fulton County and thereafter failed to appear in response to a notice of deposition. That case is distinguished from this case by its facts.

Here the deposition of the president of the board was ordered taken at the forum. The remaining officials, who filed this action in compliance with what they considered to be their statutory duty, were made subject to discovery at other places or by other means.

The trial court did not err in granting the protective order.

2. Appellants' second enumeration asserts that the trial court erred in enjoining defendants from engaging in the unlicensed practice of medicine.

Recognizing that Code Ann. § 84-901 defines the practice of medicine disjunctively, appellants have analyzed it part by part. They contend that the health lodge is for members only and is not open to the public, that they are not engaged in the diagnosis or treatment of disease, that they do not directly or indirectly receive any fee, gift or compensation therefor, that they are not maintaining an office for examination or treatment of persons suffering from disease, that appellant Reams has a doctorate of science degree and is therefore entitled to use the title "Dr.," and finally that they are exempt from the Medical Practice Act by Code Ann. § 94-906 (b 2) which excludes "the practice of the religious tenets or general beliefs of any church whatsoever."

No effort was made to make a constitutional attack upon the law in the court below, and no proper effort has been made to do so in this court.

The trial court made detailed findings of fact and fashioned a carefully worded injunction. The question is: Is there evidence to support the trial court's findings of fact? The question is not: Is there evidence on which the trial court could have found for the appellants?

We have examined the evidence and have found the trial court's findings to be well supported. We will only briefly recite that evidence here. The Lodge provides facilities for administering urine and saliva tests which are examined by laboratory technicians employed by the

Lodge. Dr. Reams interprets the results and diagnoses such ailments as diabetes, worms, hemorrhoids, cancer, tumor, heart trouble and malfunctioning pancreas. Dr. Reams counsels such persons that if they will stay at the Lodge (at the rate of $200 per week) he will cure them. Pills supplied by a Florida corporation owned by Dr. Reams are dispensed at the Lodge. The Lodge actively solicits memberships by circulating application forms and newsletters. The evidence placed appellants under the Act, not under the exception.

The findings of fact made by the trial court being supported by the evidence, appellant's second enumeration of error is without merit.

Accordingly, the order of injunction issued by the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED FEBRUARY 18, 1975.

*Hendon, Egerton, Harrison & Glean, Michael Anthony Glean,* for appellants.

*Arthur K. Bolton, Attorney General, Hal Roach, Jr., Deputy Assistant Attorney General,* for appellee.