### 31087. REAMS v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS.

HILL, Justice.

This is the second appearance of defendant Reams before this court. In the original action, the Composite State Board of Medical Examiners filed suit against Reams and the Blue Ridge Health Lodge, Inc., to enjoin those defendants from the unlicensed practice of medicine. The trial court entered an order finding the defendants to be in violation of Code Ann. § 84-901, which prohibits the unauthorized practice of medicine, and enjoining Reams and the Blue Ridge Health Lodge from holding themselves out to the public as being engaged in the diagnosis of human disease or defect through the use of urine or saliva tests, and from treatment of these diseases by suggesting dietary procedures. The injunction was affirmed by this court in *Reams v. Composite State Board of Medical Examiners,* 233 Ga. 742 (213 SE2d 640) (1975). Immediately after the entry of the injunction the Blue Ridge Health Lodge, Inc., surrendered its charter and the Interfaith Christian Church was incorporated.

On July 14, 1975, the Composite State Board of Medical Examiners brought a contempt action against defendant Reams, alleging that he had continued to practice medicine in violation of the injunction. At the hearing on that petition the evidence showed that the defendant had administered urine and saliva tests to two persons. They testified that the defendant diagnosed them as having various illnesses, including low blood sugar, hardening of the arteries, carcinoma, hemorrhoids, heart trouble, diabetes, and a pancreas which produced alcohol, that the defendant told one of them that he had

only 30 days to live if he did not submit himself to treatment at the Interfaith Christian Church Retreat, and that he prescribed three weeks of treatments for one and six weeks for the other, at $240 per week. This evidence was not controverted.

Based on this evidence, an order was entered finding the defendant to be in contempt of the previous injunction order. It is from this finding of contempt that the defendant now appeals.

The defendant contends that no portion of the injunction has been violated in that he has not engaged in the unauthorized practice of medicine, and that his conduct constituted the practice of a religious belief under the exception to Code § 84-901, contained in Code § 84-906 (b) (2). The defendant argues, among other things, that he is pastor of the Interfaith Christian Church, and that he has not held himself out (as a medical doctor) to the public because the witnesses were required to sign applications for church membership before he saw them.

We find that the evidence clearly supports the trial court's finding that the defendant has violated the injunction and that his acts did not constitute the practice of religious tenets or beliefs. We do not find any abuse of the trial court's discretionary powers to hold in contempt a party who has wilfully failed to comply with an order of the court. *Roberts v. Roberts,* 226 Ga. 203 (5) (173 SE2d 675) (1970).

The defendant has not supported his other enumerations of error by citation of authority or by argument in his brief and has therefore abandoned them. *Wade v. Ray,* 234 Ga. 234 (2) (214 SE2d 923) (1975); Supreme Court Rules, Rule 18 (c) (2).

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED MAY 10, 1976 — DECIDED JULY 9, 1976.

*Michael Anthony Glean,* for appellant.
*Arthur K. Bolton, Attorney General, Melvin M. Goldstein, Staff Assistant Attorney General,* for appellee.