### 56563. KARP v. FRIEDMAN, ALPREN & GREEN.

BELL, Chief Judge.

Plaintiff, a partnership, doing business in New York State, brought this suit on open account to recover for unpaid accounting services. Defendant answered alleging that the debt was not his but the obligation of a third party corporation. Later defendant gave notice of the taking of the oral depositions of two employees of plaintiff at the office of defendant's counsel on January 12, 1978, and that these individuals were to bring certain records of plaintiff with them. Both employees resided in New York. Plaintiff then moved for a protective order under CPA § 26 (c) (Code Ann. § 81A-126 (c)). In its motion it was alleged that the personnel who were to be deposed were two key employees of plaintiff; that plaintiff

was an accounting firm and the loss of these employees at this time, which was the most productive time of the year, would cause plaintiff great expense and an undue burden and that the bringing of the records to the depositions would also place a great expense and undue burden on plaintiff. An affidavit was tendered in support of this motion. No counter-showing was made by defendant. The trial court after a hearing entered an order on February 9, 1978, which reads in part: ". . . the Court hereby finds that discovery made [sic] be had by the defendant in the following manner only: (a) by the use of thorough written interrogatories, or (b) by deposition of the employees of the plaintiff sought to be deposed and documents sought by defendant, to be at defendant's office in Atlanta, Georgia, entire expense of which, including travel, transportation and lodging, and copying to be borne by the defendant, or (c) by deposition of the employees of the plaintiff sought to be deposed and documents sought by defendant in the plaintiff's office in New York, New York, entire expense of which, including travel of plaintiff's attorney, and copying expense, to be borne by the defendant. It is further ordered that the defendant shall have thirty days from the date of this order to seek the alternative discovery set out above." Sixty-one days later, the defendant served written interrogatories and a notice to produce documents on plaintiff. Thereupon, plaintiff sought a second protective order in which it cited that part of the earlier order requiring defendant to complete discovery thirty days from the date of the order; that defendant had failed to obey the order; and then prayed for an order relieving the plaintiff from responding to defendant's interrogatories, the notice to produce and for sanctions and reasonable expenses. Another hearing was held and an order was entered stating: ". . . that the defendant has shown willful misconduct in failing to obey the order of this Court of February 9, 1978 by *seeking discovery* some sixty days after the entry of the order, although the order stated that the defendant had thirty days in which to seek discovery; and that the defendant's actions of seeking discovery in total disregard of said order amounts to willful misconduct." The court then imposed, as a sanction, a judgment against defendant by

default and a judgment for plaintiff for attorney fees. Defendant has appealed asserting that both orders were erroneous. *Held:*

1. A trial court has been granted a broad discretion under the discovery provision of the Civil Practice Act and the appellate courts will not interfere with that discretion in the absence of abuse. *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622). On the motion of a party from whom discovery is sought and for good cause shown, a trial court may grant a protective order that discovery may be had only by a method of discovery other than selected by the party seeking discovery. CPA § 26 (c) (2) (3) (Code Ann. § 81A-126 (c) (2) (3)). Here, the trial court did not abuse its discretion with respect to ordering the taking of the depositions of the employees of defendant under the terms and conditions as outlined in paragraphs (b) and (c) of the first protective order as this action appears to be reasonable. See *Reams v. Composite State Bd. of Medical Examiners,* 233 Ga. 742 (213 SE2d 640). The critical question is then whether the trial court abused its discretion by restricting the defendant's right of discovery to only those methods expressly allowed in the protective order and further restricting *all* discovery (not just that discovery complained of in the protective order) to a time limitation period of 30 days from the protective order.

It must be kept in mind that a litigant is entitled to pursue on a reasonable basis many types of discovery procedures including methods which were not available under the terms of the order. While we have held that restrictions as to the manner of taking depositions and seeking documents were reasonable, we find other restrictions in the protective order here unreasonable. The protective order for reasons unstated limited the defendant's discovery options, other than the depositions mentioned above, to written interrogatories and thereby excluded requests for admissions directed to the plaintiff partnership, depositions on written questions and other possible discovery methods. Also under the facts of this case the imposition of a thirty day time period during which all discovery must be initiated is unreasonable as no need was shown in the motion for the limitation nor

was it requested. Thus, the time limitation was arbitrary and necessarily unreasonable. All that plaintiff sought by the initial protective order was relief only from the taking of the depositions of two of plaintiff's employees and the production of certain records. Protective orders should not be entered when the effect is to frustrate and prevent legitimate discovery. *Travis Meat &c. Co. v. Ashworth,* 127 Ga. App. 284 (193 SE2d 166). Accordingly, we hold that the part of the order that requires the discovery be had by written interrogatories and limiting this method to a thirty-day time period taints the protective order as a whole and was an abuse of discretion.

2. Since the sanction of default judgment and the award of attorney fees were based on a purported violation of the erroneous portion of the order, it necessarily follows that the sanction of a default judgment cannot prevail. However, even if we should hold, which we do not, that the order limiting discovery was validly imposed, a sanction of default judgment for its disobedience would not be authorized. The trial court in its order cited CPA § 37 (b) (2) (c) (Code Ann. § 81A-137 (b) (2) (c)) as authority for the imposition of these sanctions. This part of the Civil Practice Act provides in pertinent part that, "If a party. . . fails to obey an order to *provide* or *permit* discovery. . ." the trial court may as a sanction render a judgment by default and award attorney fees against the disobedient party. Here, we have a failure to obey an order which prescribed the method and time by which discovery may be sought by a party. This failure to seek discovery does not constitute a failure to *provide* or to *permit* discovery within the meaning of this statute.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED OCTOBER 30, 1978— REHEARING DENIED NOVEMBER 22, 1978 —

*Merren & Pashley, Joel M. Merren, Bruce E. Pashley, Samuel L. Eplan,* for appellant.

*Howard & de Mayo, Richard T. de Mayo,* for

appellee.