### 62116. GLOBAL VAN LINES, INC. et al. v. DANIEL MOVING & STORAGE, INC. et al.

DEEN, Presiding Judge.

This interlocutory appeal was granted to determine the validity of the order of the trial court requiring three of the defendants whose residence is in California (Global Van Lines, Inc., and its president, Schumacher, and vice president, Waspi, in both their corporate and individual capacities) to come to Atlanta for the taking of depositions in thirteen areas of litigation. Extensive books, records and memoranda of transactions are also called for. For example, the first of the thirteen areas of investigation is described as follows: "Global Van Lines, Inc.'s books, records and accounts, including all billings, transactions, setoffs, credits and debits concerning Daniel Moving & Storage, Inc. for the period January 1, 1977, to [October 29, 1980]." Other areas of questioning are equally voluminous. The complaint is in six counts seeking over a half million dollars in actual damages. A counterclaim filed by Global in the sum of approximately $44,000, whether technically a compulsory counterclaim or not, is closely

connected with the cause of action and should obviously be tried along with the main case.

1. The appellant's contention that this appeal should be dismissed because it represents an erroneous application of Rule 29 of the rules of this court is incorrect. Subsections (2) and (3) clearly apply. To mention only one possible result, demanding that the defendants appear with the mass of documentary information called for at a point three thousand miles away from their home base is likely, at the very least, to lead to confusion as to what must or may not be produced with no means of rectifying any errors of intermediate decisions.

2. The Depositions and Discovery Act (Code Chapter 38-21) being substantially identical to the Federal Rules of Civil Procedure relating to discovery, this court will give great weight to the constructions applied by the Federal Rules in the federal courts. *Millholland v. Oglesby,* 114 Ga. App. 745 (152 SE2d 761) (1966). Depositions of defendant corporations by deposing their officers and agents are generally to be taken at the principal place of business of the corporation. 8 Wright & Miller, Federal Practice & Procedure, § 2112 (1970); 4 Moore's, Federal Practice 26.70. "Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection the objection should be sustained absent some unusual circumstances to justify putting the defendant to such inconvenience." Grey v. Continental Marketing Associates, Inc., 315 FSupp. 826, 832 (U.S.D.C. N.D. Ga., 1970). See also Salter v. Upjohn Co., 593 F2d 649 (CCA 5, 1979).

3. The fact that Global, one of the defendants, has filed a counterclaim growing out of the same transaction does not under the circumstances alter the rule here stated.

4. The trial judge abused his discretion in requiring that the three defendants come at their own expense to the place of the forum to submit to discovery and requiring the transportation of a large volume of documentary material. In such circumstances no further evidence is necessary to show that the order is oppressive and would result in undue disadvantage to the defendants.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JUNE 30, 1981.

*Edward S. White, Casper Rich,* for appellants.
*Thomas O. Duvall, Jr., Frank J. Rhodes, Jr., Samuel N. Werbin,*

for appellees.