## 68207. BICKNELL et al. v. CBT FACTORS CORPORATION et al.

BIRDSONG, Judge.

We granted interlocutory appeal of the trial court's protective order in this case, to determine whether the trial court abused its discretion in requiring the Georgia resident defendants either to depose the New York corporate plaintiff's agent in New York or to pay the New York plaintiff's expenses and costs of coming to Georgia. Appellants Bicknell contend the trial court's order abridges their constitutional and procedural rights to defend themselves in their resident forum, and their right to require CBT Factors Corp. ("CBT") to appoint an agent to be deposed in Georgia.

The plaintiff CBT sued the Bicknells on an account factored to CBT by its assignor "Kay Winds." The suit is for $2,916.76 plus interest. CBT filed a request for admissions as to the verity of an itemized statement of account for goods delivered to the Bicknells which statement was attached to the request and filed in the record; CBT also filed similar interrogatories. The Bicknells denied the request for admissions, said the statement of account was incorrect, and denied the indebtedness.

Three months passed without the defendants seeking any discovery. On March 25, 1983, the plaintiff CBT filed a motion for summary judgment with supporting affidavit and set the hearing date for April 28. On March 28, the Bicknells filed a "notice to take deposition of

designated agent," requesting CBT to appoint a corporate agent (OCGA § 9-11-30 (b) (6)). The deposition notice requested CBT's agent to testify to all transactions and business records concerning time, dates, names and places, and the ordering, shipment and inspection of goods, truth in lending disclosures and all matters concerning the assignment of account from Kay Winds to CBT. The deposition was set to take place April 5 in Columbus, Georgia. On April 4, CBT filed a motion for protective order, contending its witness would be from out of state, the time of notice was too short, the notice was filed for delay only, and that the Bicknells had already had much opportunity to schedule depositions but had done so only after CBT's motion for summary judgment was filed.

The trial court held: "This Court pursuant to the decisions of *Karp v. Friedman, Alpren and Green,* 148 Ga. App. 204 [250 SE2d 819]; and *Global Van Lines, Inc. v. Daniel Moving and Storage, Inc.,* 159 Ga. App. 124 [283 SE2d 56] finds that discovery may be had by the Defendants only in the following manner:

"(a) By the use of Interrogatories, Request for Admissions directed to Plaintiff, Depositions on written questions and any other possible discovery and efforts allowable under the Civil Practice Act, but with the Court requiring that a deposition of an employee or designated agent of Plaintiff, a nonresident, can only be taken by the Defendants in Georgia if said Defendants shall pay the entire expense of said Plaintiff's employee, employees or designated agent to come to Georgia for the purpose of taking this deposition which would include travel, transportation, lodging and copying to be borne by said Defendants of any documents sought per Defendant's Notice to Produce; or in the alternative, if the Defendants seek a deposition of an employee, employees or designated agent of Plaintiff, then said deposition is to be taken in the offices of the Plaintiff outside the State of Georgia with the entire expense of the deposition including travel of Plaintiff's attorney and copying expense to be borne by Defendants.

"(b) The Defendants shall have ninety (90) days from the date of this Order to pursue any of the above enumerated methods of discovery according to the terms set out above." *Held*:

The trial court did not abuse its discretion in directing this order. See generally OCGA § 9-11-26 (c). In *Millholland v. Oglesby,* 114 Ga. App. 745, 748 (152 SE2d 761), reversed on other grounds, 223 Ga. 230, we held: "Plaintiff objects to traveling from his home in Ohio to Atlanta for giving the deposition . . . [I]n similar situations in federal courts . . . it has been held many times that ordinarily one who chooses a forum should be required to make himself available for examination in that forum." We also held in *Millholland* at pp. 747-748 that the Georgia Civil Practice Act was taken from the Federal Rules of Civil Procedure and "with slight immaterial variations its sections

are substantially identical to corresponding rules. Because of this similarity it is proper that we give consideration and great weight to constructions placed on the Federal Rules by the federal courts. [Cits.]" The plaintiff in *Millholland* was dismissed because he did not seek a protective order and show good cause for being relieved of the deposition; he simply failed to show up.

In this case, CBT did seek relief by protective order and the trial court in its discretion found that CBT showed good cause for relief. We do not disagree with that finding. In 4 Moore's Federal Practice & Procedure, § 26.70, it is noted that the federal civil procedure rules (like the Georgia rules) do not fix the exact place for the taking of a deposition. "Since the plaintiff has selected the place for trial, it is held that he may be called upon to present himself at that place for the taking of his deposition. *This is not a fixed and inflexible rule, however, and it is within the discretion of the court to order that it be taken at some other place, often the place of his residence or business.*" (Emphasis supplied.) Moore's, supra, 1.2, pp. 26-509, 26-512.

The trial court has the power under OCGA §§ 9-11-26 (c) and 9-11-30 (d) to control the details of time, place, scope and financing for the protection of the deponents and parties. See also 4 Moore's, § 26.69, p. 26-494. Where good cause is shown, such as insufficient time of notice, overburdensomeness of the record or amount and kind of testimony sought, or excessive expense or inconvenience, the trial court may order that other methods of discovery be pursued, and in appropriate (although rare) cases, refuse a deposition altogether. Moore's, supra, § 26.71, p. 26-525.

It was within the trial court's discretion, and entirely appropriate to this case particularly in view of the size of the monetary claim (Moore's, § 26.71, p. 26-530), to suggest that the appellants pursue other discovery methods than to insist upon oral testimony. See generally Moore's, § 26.77, at pp. 26-529 and 26-530. The appellants are not prohibited from any discovery; but only from burdensome discovery. The appellants are given 90 days to complete discovery. The trial court's order is more than fair and we find no abuse of discretion. Neither *Reams v. Composite State Bd. of Medical Examiners*, 233 Ga. 742 (213 SE2d 640) nor any other case cited by appellants requires a contrary result. However, nothing stated herein should be construed to abrogate the general rule that a party who chooses a forum should be required to make himself available for examination in that forum.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs specially.*

DECIDED JULY 12, 1984 —
REHEARING DENIED SEPTEMBER 4, 1984 —

*James D. Patrick, Jr.*, for appellants.
*J. Michael Kaplan, H. Burton Crews*, for appellees.

CARLEY, Judge, concurring specially.

Based solely upon the facts and circumstances of this case, I concur in the judgment of the majority affirming the trial court's grant of the protective order at issue. However, I would like to point out that the issue is not one on which all courts agree. There is authority for applying almost without exception the rule that one who chooses a forum must make himself available for examination in that forum. The Supreme Court of New Mexico was faced with a case in which the amount involved was even less than that at issue in the case at bar. Salitan v. Carrillo, 69 N.M. 476 (368 P2d 149) (1961). In Salitan, the court was called upon to construe its Rules of Civil Procedure which, as is true with our CPA, are patterned upon the Federal Rules of Civil Procedure. In Salitan, the court reversed the trial court's grant of a protective order similar to the one involved in the case at bar and held that the fact that the amount in controversy was relatively small, in proportion to expense of travel from New York to New Mexico, was not sufficient to deprive the defendant of the right to depose the plaintiff in the forum which the plaintiff chose.

However, after thoroughly considering the balance that must be achieved in deciding an issue of this type, I am constrained to concur with the majority because to do otherwise would leave the door open to undue appellate restriction of the trial court's discretion in matters of discovery. Accordingly, I agree with Dr. Agnor that "[i]t would appear to be a better rule to consider each case on its specific facts rather than to follow the choice of the forum rule." Agnor, Use of Discovery Under the Ga. Civil Practice Act (3rd ed.), § 3-15, p. 86. Therefore, while I concur in the majority opinion, I especially wish to emphasize the last sentence of that opinion wherein it is held that "nothing stated herein should be construed to abrogate the general rule that a party who chooses a forum should be required to make himself available for examination in that forum."