## S89A0220. BLANTON v. BLANTON.
(385 SE2d 672)

SMITH, Justice.

When we granted Ms. Blanton's application for an interlocutory appeal we directed the parties to address the following:

> Can an out-of-state resident be compelled to come to Georgia for the purpose of a deposition being taken when no subpoena for such was served upon the party in Georgia?

We reverse the trial court and hold that an out-of-state resident cannot be compelled to come to Georgia for the purpose of taking a deposition.

The parties were married in 1976 and divorced in Florida in 1981. Ms. Blanton entered into a relationship with another man and in June 1984 she gave birth to a daughter. In 1985 Ms. Blanton and her child moved into appellee Schuler Blanton's home. Ms. Blanton moved out of Mr. Blanton's home in July 1988 and took her child with her. During October 1988, Mr. Blanton filed for divorce, claiming a common law marriage and seeking custody of her child. The appellant moved from Lowndes County to Texas where she now resides with her child.

Mr. Blanton sought a court order to require the appellant to return to Lowndes County to be deposed. The appellant argued that under the provisions of OCGA § 9-11-45 (b) she could not be compelled to return for a deposition. The trial court disagreed and ordered her to return for the deposition. The appellee was ordered to pay the appellant five hundred dollars for travel expenses. It is not disputed that the appellant is willing to be deposed in Texas or that the appellee is willing to pay the travel expenses.

1. The parties concede that there is no Georgia case law which controls this appeal. The appellee argues that we must look to the Federal Rules of Civil Procedure and give consideration to the construction placed on the Federal Rules by the Federal Courts. A review of the Federal Rules and our rules reveals highly important differences between them. Our code section, OCGA § 9-11-45, is entitled "Subpoena for taking depositions; objections; place of examination." According to the express language of subsection (a) (2), when a party has been given a notice of deposition pursuant to OCGA § 9-11-30 or where a request pursuant to OCGA § 9-11-34 has been made, no subpoena is necessary; immediately thereafter the following geographic limitation appears:

> (b) *A person who is to give a deposition* may be required to attend an examination:

(1) In the county wherein he resides or is employed or transacts his business in person;

(2) In any county in which he is served with a subpoena while therein; or

(3) At any place which is not more than 30 miles from the county seat of the county wherein the witness resides, is employed, or transacts his business in person. [Emphasis supplied.] [OCGA § 9-11-45 (b) (1-3).]

Subsection (b) announces a broad geographic limitation which covers any "person who is to give a deposition"; it does not narrowly confine the geographic limitation to only those "to whom a subpoena" has been directed. Federal Rule 45, which is simply entitled "Subpoena," is different than OCGA § 9-11-45. The narrow language used in subsection (d) (2) of Rule 45 provides:

*A person to whom a subpoena for the taking of a deposition is directed* may be required to attend at any place within 100 miles from the place where that person resides, is employed or transacts business in person, or is served, or at such other convenient place as is fixed by an order of court. [Emphasis supplied.] [Moore's Federal Practice, 1989 Rules Pamphlet R45 at p. 406.]

By its express terms, Rule 45 (d) (2) restricts the geographic limitations to only those "to whom a subpoena" is directed. That is why the federal courts have decided that the limitations of Rule 45 (d) (2) do not apply to party deponents. This result seems correct given the narrow language used in Rule 45 (d) (2); however, as seen above, our code section does not use the same narrow language. Not only did the General Assembly deliberately announce in the subsection that immediately preceded the geographical limitations that a party need not be subpoenaed under certain circumstances, it also rejected the narrow language used in Rule 45 ("to whom a subpoena . . . is directed") and elected to replace it with all encompassing langauge ("a person who is to give a deposition"). The General Assembly intended to protect all those who give depositions, not just those "to whom a subpoena . . . is directed." The differences between the Georgia and federal rules are much more important than the similarities. The trial court should not have ordered the appellant to travel to Georgia to be deposed.

*Judgment reversed. All the Justices concur, except Gregory and Hunt, JJ., who dissent.*

GREGORY, Justice, dissenting.

I respectfully dissent to the interpretation the majority opinion has given OCGA § 9-11-45 (b). The majority opinion holds that under this code section "an out-of-state resident cannot be compelled to come to Georgia for the purpose of taking a deposition." (Majority p. 622) Such a rule removes all discretion from the trial court to control discovery in a pending lawsuit, and therefore I cannot agree with it.

Suppose an Hawaii resident files a frivolous lawsuit against an Atlanta resident in Fulton County. Under the rule laid down by the majority opinion, the Georgia resident cannot compel the Hawaii resident to come to Georgia to be deposed. Under the majority rule, even if the Georgia resident were willing to pay travel expenses in order to bring the Hawaii resident to Georgia to be deposed, the trial court would have no authority to permit this. I cannot agree with the majority that this is the result the legislature intended when it enacted OCGA § 9-11-45 (b). Down the road, in the right case, the majority opinion will have to be reconsidered and overruled.

I would hold that under OCGA § 9-11-45 (b) the trial court has a discretion to control discovery which would allow the court to fashion a proper remedy under OCGA § 9-11-26 (c) if the party deponent seeks a protective order when noticed for deposition. In some circumstances it may be the just and proper remedy to require use of methods of discovery other than depositions. Perhaps a deposition can be delayed until very near trial to require the non-resident to make but one trip to Georgia. There are many different circumstances calling for carefully tailored rules pursuant to OCGA § 9-11-26 (c) in each case just as the trial judge provided in this case. This court ought not lay down *per se* rules which interfere with the trial court's discretion in this regard.

I further point out that the majority opinion necessitates the overruling of *Milholland v. Oglesby,* 114 Ga. App. 745 (1) (152 SE2d 761) (1966), reversed on other grounds in 223 Ga. 230 (154 SE2d 194) (1967), and *Bicknell v. CBT Factors Corp.,* 171 Ga. App. 897 (321 SE2d 383) (1984), both of which affirmed the trial court's discretion to control discovery of a non-resident party deponent under OCGA § 9-11-45 (b).

DECIDED NOVEMBER 30, 1989.

*Griner & Alderman, Galen P. Alderman,* for appellant.
*George M. Saliba II,* for appellee.