## A90A2107. WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC. v. DAVENPORT.
### (403 SE2d 850)

SOGNIER, Chief Judge.

Jim Davenport brought suit in Georgia against his former employer, Warehouse Home Furnishings Distributors, Inc. ("Warehouse"), seeking to recover a bonus he alleged was due him. Warehouse scheduled a discovery deposition of Davenport in Georgia. Davenport, who had been a resident of Dublin, Georgia when he was employed by Warehouse, but was a resident of Texas at the time he filed suit, objected to being deposed in Georgia and filed a motion for a protective order. Davenport's motion was granted by the trial court, which certified its order for immediate review, and we granted Warehouse's application for interlocutory appeal.

The sole question presented by this appeal is whether a nonresident plaintiff may be compelled to give a deposition in Georgia when Georgia is the forum state. "A person who is to give a deposition may be required to attend an examination: (1) In the county wherein he resides or is employed or transacts his business in person; (2) In any county in which he is served with a subpoena while therein; or (3) At any place which is not more than 30 miles from the county seat of the county wherein the witness resides, is employed, or transacts his business in person." OCGA § 9-11-45 (b). Although it is true, as argued by appellant, that in *Blanton v. Blanton*, 259 Ga. 622 (385 SE2d 672) (1989), the Supreme Court refused to compel an out of state *defendant* to attend a deposition, the Supreme Court held there that OCGA § 9-11-45 (b) means exactly what it says, and, unlike the narrower federal rule, is directed and "intended to protect all those who give depositions." Id. at 623.

We agree with appellant and the trial court that this seems to create a rather harsh limit on discovery in this case and others like it. However, we are constrained by the language in the statute and the holding in *Blanton* to affirm the ruling of the trial court.

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I reluctantly concur in the majority's affirmance of the ruling of the trial court. I join the majority in recognizing that this holding creates "a rather harsh limit on discovery in this case and others like it."

34

However, as does the majority, I must bow to the broad language of the Supreme Court's majority opinion in *Blanton v. Blanton*, 259 Ga. 622, 623 (385 SE2d 672) (1989), holding that the legislature "intended to protect all those who give depositions. . . ."

The procedural posture of the case at bar differs from that of *Blanton*, and in the majority opinion in *Blanton*, the Supreme Court stated that "[t]he parties concede that there is no Georgia case law which controls this appeal." Accordingly, I believe that, *factually*, *Blanton* could be distinguished because there *was* existing Georgia case law which would apply to the facts in the present case, but not to those in *Blanton*. See *Millholland v. Oglesby*, 114 Ga. App. 745 (1) (152 SE2d 761) (1966) and *Bicknell v. CBT Factors Corp.*, 171 Ga. App. 897 (321 SE2d 383) (1984). More importantly, in *Reams v. Composite State Bd. of Med. Examiners*, 233 Ga. 742, 743-744 (213 SE2d 640) (1975), the Supreme Court stated: "Ordinarily one who chooses a forum should be required to make himself available for examination in that forum. See *Millholland v. Oglesby*, [supra]. However, [*Millholland*] involved a plaintiff residing in Ohio who filed a personal injury suit in Fulton County and thereafter failed to appear in response to a notice of deposition. *That case is distinguished from this case by its facts*." (Emphasis supplied.)

However, the above quoted language from *Blanton* and the strong dissent of Justice Gregory, conceding that the *Blanton* majority opinion necessitated the overruling of *Millholland* and *Bicknell*, lead me to the reluctant conclusion that the Supreme Court intended that the *Blanton* holding apply to out-of-state plaintiffs as well as out-of-state defendants. This conclusion is mandated notwithstanding *Reams*' apparent approval of *Millholland* because to the extent that *Blanton* and *Reams* are inconsistent, we are bound to follow *Blanton*. *Hall v. Hopper*, 234 Ga. 625 (216 SE2d 839) (1975). Because of the binding precedential effect of the Supreme Court's ruling in *Blanton*, I must concur.

DECIDED FEBRUARY 26, 1991 —
REHEARING DENIED MARCH 12, 1991 —

*Arnall, Golden & Gregory, Jeffery M. Smith, J. Randolph Evans*, for appellant.

*Westmoreland, Patterson & Moseley, Thomas W. Herman*, for appellee.