S91G0870. WAREHOUSE HOME FURNISHINGS
DISTRIBUTORS, INC. v. DAVENPORT.
(413 SE2d 195)

BENHAM, Justice.

Davenport, a resident of Texas, filed suit against appellant in the Superior Court of Laurens County, Georgia. When appellant served appellee with notice of his deposition to be taken in Laurens County, appellee sought and received a protective order under OCGA § 9-11-26 (c), after the trial court determined that it could not compel an out-of-state resident to come to Georgia to give a deposition. Based on this court's decision in *Blanton v. Blanton*, 259 Ga. 622 (385 SE2d 672) (1989), the Court of Appeals reluctantly affirmed the decision of the trial court. *Warehouse Home Furnishings Distributors v. Davenport*, 199 Ga. App. 33 (403 SE2d 850) (1991). We granted the writ of certiorari to the Court of Appeals to address whether a non-resident who files a lawsuit in Georgia may be compelled to give a deposition in Georgia.

1. "Ordinarily one who chooses a forum should be required to make himself available for examination in that forum." *Reams v. Composite State Bd.*, 233 Ga. 742 (1) (213 SE2d 640) (1975); *Bicknell v. CBT Factors Corp.*, 171 Ga. App. 897, 898 (321 SE2d 383) (1984); *Millholland v. Oglesby*, 114 Ga. App. 745 (1) (152 SE2d 761) (1966), rev'd on other grounds, 223 Ga. 230 (154 SE2d 194 (1967). Should the forum prove to be oppressive or unduly expensive or burdensome to the plaintiff served with a notice of taking his deposition there, the plaintiff is entitled to seek relief by asking the trial court to exercise its discretion under OCGA § 9-11-26 (c). Id. While such procedure was followed in the case at bar, the trial court did not exercise its discretion because it believed that it could not compel any out-of-state resident to appear in Georgia for purposes of giving a deposition. See *Blanton v. Blanton*, supra.

2. We take this opportunity to narrow the scope of that portion of the decision in *Blanton* wherein this court held that the geographic limitations listed in OCGA § 9-11-45 (b) were applicable to anyone giving a deposition. After considerable review of OCGA § 9-11-45 in

its entirety and examination of its interplay with OCGA §§ 9-11-26 and 9-11-30, we are now convinced that the current version of the statute provides for treatment of deponents for whom subpoenas must be issued (i.e., witnesses) that is distinct from the treatment of deponents for whom only a notice of deposition must be given (i.e., parties). Compare Ga. L. 1972, p. 510, § 11 with Ga. L. 1967, p. 226, § 19. We therefore conclude that the term "person," as used in OCGA § 9-11-45 (b), encompasses only the subject matter of OCGA § 9-11-45, those persons to whom subpoenas are issued in order to procure their deposition. Thus, the holding in *Blanton* concerning the geographic limitations of OCGA § 9-11-45 (b) is not applicable where a notice of deposition has issued under OCGA § 9-11-30 to a party in the lawsuit. Inasmuch as the case before us involves a notice of deposition issued pursuant to OCGA § 9-11-30 to a party in the lawsuit, the trial court has authority to exercise its discretion under OCGA § 9-11-26 (c) in deciding whether appellee is entitled to a protective order. That discretion not having been exercised, the case is remanded to the trial court for that exercise.

*Judgment reversed and remanded. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED FEBRUARY 13, 1992.

*Arnall, Golden & Gregory, Jeffrey M. Smith, J. Randolph Evans,* for appellant.

*Westmoreland, Patterson & Moseley, Thomas W. Herman,* for appellee.