A98A0277. ESASKY v. FORREST.
(499 SE2d 413)

McMURRAY, Presiding Judge.

Permission to pursue an interlocutory appeal was granted under the following circumstances: Plaintiff James Forrest filed a breach of contract action against defendant Jimita Esasky and, after a bench trial, obtained a judgment against her in the principal amount of $11,753 plus $2,097.79 interest and court costs. Plaintiff served post-judgment interrogatories and requests for production of documents on defendant and also on her husband, appellant Nicholas Esasky, a non-party to the underlying action.

Defendant provided copies of her checking account owned jointly with Nicholas Esasky but denied owning (or transferring) any other substantial asset. Appellant Nicholas Esasky objected to plaintiff's

post-judgment discovery requests "insofar as Nick Esasky is not a party to this litigation[; and because the requests allegedly] far exceed the permissible scope of discovery pursuant to the Georgia Civil Practice Act." Nicholas Esasky raised additional objections based on "attorney client privilege and work product immunity[; because] production is to take place at the offices of Plaintiff's counsel[; and because] "discovery of any income tax return filed jointly with [defendant] Jimita Esasky will . . . not lead to discovery of relevant or admissible evidence . . . or information . . . helpful to the Plaintiff in collecting on his judgment."

Plaintiff subsequently moved to compel discovery from non-party Nicholas Esasky. This motion was granted by the trial court, which also awarded plaintiff $750 in attorney fees for having to prosecute the motion to compel. Nicholas Esasky's application for interlocutory review was granted and a timely notice of appeal was filed. Nicholas Esasky appeals from the order of the trial court granting plaintiff's motion to compel post-judgment discovery from a non-party. *Held*:

1. In his first enumeration, Nicholas Esasky contends the trial court erred in compelling him, as a non-party to the underlying suit, to respond to plaintiff's post-judgment interrogatories. He argues that, because post-judgment discovery shall be conducted in the manner provided in the Civil Practice Act, and OCGA § 9-11-33 allows interrogatories only to "parties" to the action, "based on the plain language of O.C.G.A. § 9-11-69, a judgment creditor has no right to propound post-judgment interrogatories on persons who were not parties to the underlying lawsuit." Consequently, he urges, a non-party is under no duty to respond to post-judgment interrogatories. This argument cannot withstand scrutiny.

(a) OCGA § 9-11-69 (1) and (2) provides: "Process to enforce a judgment for the payment of money shall be a writ of execution. . . . In aid of the judgment or execution, the judgment creditor . . . may do any or all of the following: *Examine any person*, including the judgment debtor *by* taking depositions or *propounding interrogatories*; . . . [and] Compel the production of documents or things; . . . in the manner provided in this chapter for such discovery measures prior to judgment." (Emphasis supplied.) Appellant Nicholas Esasky is correct that, under OCGA § 9-11-33 (a) (1), "[a]ny party may serve upon *any other party* written interrogatories. . . ." (Emphasis supplied.) But the plain language of OCGA § 9-11-69 (1) works an express *expansion* of the permissible use of post-judgment written interrogatories to "any person," regardless of whether that person was a party to the underlying action in which the money judgment was rendered. The non-party spouse of a judgment debtor is therefore within the scope of post-judgment discovery, including post-judgment interrogatories. OCGA § 9-11-69 (1); *In re Suzanne Cal-*

*laway*, 212 Ga. App. 500, 501 (442 SE2d 309).

(b) Remaining contentions with respect to written interrogatories have been considered and are found to be without merit. The trial court did not err in ordering non-party Nicholas Esasky to comply with plaintiff's post-judgment written interrogatories.

2. Nicholas Esasky next contends that "absent a showing of good cause, [the trial court] erred in ordering [him], a non-party, to respond to [plaintiff's] requests to produce." He argues under OCGA § 9-11-34 (c) (1), the moving party must make a showing of good cause in order to prevail on an OCGA § 9-11-37 (a) motion to compel discovery against a non-party, but that here plaintiff made no such showing.

(a) "All judgments obtained in the superior courts, magistrate courts, or other courts of this state shall be of equal dignity and shall bind all the property of the defendant in judgment, both real and personal, from the date of such judgments. . . ." OCGA § 9-12-80. "[T]he lien of the judgment . . . attaches to all the property of the defendant, owned at that time, and to all by him subsequently acquired." *Kollock v. Jackson*, 5 Ga. 153, 157 (2).

(b) The purpose of post-judgment discovery under OCGA § 9-11-69 is to enable litigants to recover on a liability already established by judgment. *Aldridge v. Mercantile Nat. Bank*, 132 Ga. App. 788, 789 (2) (209 SE2d 234). "Any question that seeks information which would lead to any property or holdings of the defendant in fi. fa. which are subject to levy to satisfy the judgment . . . is pertinent and allowable." *Bradley v. Coach & Six Restaurants*, 112 Ga. App. 278, 280 (2) (a) (145 SE2d 55). Accordingly, "interrogatories pertaining to information as to the following matters [are] all legitimate subjects of inquiry: The [judgment debtor's] ownership and location of residence; engagement in any type of proprietorship or partnership; holdings of corporation stock; employment; salary; other sources of income; bank accounts; ownership of vehicles, personal property and real estate; accounts receivable; transfers of property within the last year; possession, control and custody of certificates of vehicle registration and property tax returns; source of information for each answer to an interrogatory not based upon personal knowledge; and identity of each person rendering assistance in preparing the answers." Id. "The fact that the source of income is potential or contingent cannot be utilized as a refuge for a judgment debtor to defeat the payment of a debt that he has been commanded by the law to pay." *Aldridge v. Mercantile Nat. Bank*, 132 Ga. App. 788, 789 (2), supra.

In our view of the case sub judice, the circumstance that plaintiff already obtained a judgment, when coupled with the spousal relation, is sufficient OCGA § 9-11-34 (c) (1) "good cause" to entitle plaintiff to determine the extent, if any, of the judgment debtor's *joint*

interest in marital property. Cases observing that personal income tax returns have limited relevance in *pre-trial* discovery simply are not germane to the circumstances presented after judgment. Consequently, the trial court was authorized to compel post-judgment production of documents, including jointly filed income tax returns, from the judgment debtor's spouse in this instance.

(c) Remaining objections to production of documents and things for inspection have been considered and found to be without merit.

3. The third enumeration contends the trial court erred in awarding plaintiff $750 as a discovery sanction. Defendant argues "there was no hearing on [plaintiff's] motion before the [trial court] issued its order."

"[A]nswering [discovery] partially or giving evasive answers evidences a dispute between the parties which is brought before the trial court by [an OCGA § 9-11-]37 (a) motion to compel discovery and is resolved through an order to compel answers or [else] a protective order. To prevent either party from frivolously propounding questions or giving evasive answers, the trial court must require the losing party of the [OCGA § 9-11-]37 (a) battle to pay the expenses involved in obtaining the order, including attorney fees, 'unless the court feels that opposition to the motion was substantially justified' or otherwise excused. [OCGA § 9-11-]37 (a) (4). [Cit.]" *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436, 437 (2), 439 (254 SE2d 825).

"Unless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." Uniform Superior Court Rule 6.3. Due process does not always require an evidentiary hearing to consist of oral argument. Frequently, a "paper hearing" is sufficient to protect the rights at issue. *Subsequent Injury Trust Fund v. James*, 261 Ga. 548 (406 SE2d 77). In the case sub judice, the trial court did not err in ordering the non-party object of post-judgment discovery to pay reasonable attorney fees as a sanction for the need to bring a motion to compel that post-judgment discovery, after a "paper hearing" on plaintiff's motion.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 23, 1998.

*Moore, Ingram, Johnson & Steele, Stephen C. Steele, Hicks, Casey & Barber, Richard C. Foster*, for appellant.
*Alston & Bird, Candace N. Smith, James C. Grant*, for appellee.