A06A2449. RICE et al. v. CANNON.
(641 SE2d 562)

ANDREWS, Presiding Judge.

J. Andrew Rice and Kathryn W. Rice appeal pro se from the order of the trial court dismissing their pro se complaint against Ronald L. Cannon pursuant to OCGA § 9-11-37 (d) on the basis that they both wilfully failed to appear on more than one occasion at their depositions. For the following reasons, we affirm.

1. In enumeration of errors two and three, the Rices contend that the trial court erred for various reasons in granting Cannon's motion to dismiss their complaint as a sanction for failure to appear at their depositions. Under OCGA § 9-11-37 (d), the trial court was authorized to immediately dismiss the Rices' complaint, without the necessity of an order compelling discovery, as a sanction for their failure to attend their duly-noticed depositions. *McConnell v. Wright*, 280 Ga. App. 546, 547 (634 SE2d 495) (2006); *Dyer v. Spectrum Engineering*, 245 Ga. App. 30, 31 (537 SE2d 175) (2000). Before imposing the sanction of dismissal, the trial court was first required to determine that the Rices acted wilfully. *McConnell*, 280 Ga. App. at 548.[1] The record shows that, after notifying the parties and conducting a hearing on Cannon's motion, the trial court imposed the sanction of dismissal after finding that both of the Rices wilfully failed to attend their duly-noticed depositions on at least two occasions. Trial courts have broad discretion in controlling discovery, including the imposition of sanctions, and this Court will not reverse the trial court's decision in such cases absent a clear abuse of discretion. Id. at 547. Although the Rices argue that the record shows the trial court abused its discretion, the court made its findings and dismissed the complaint based on a hearing, and no transcript of that hearing has been included in the appellate record. In the absence of a transcript of the hearing, this Court must assume that the trial court properly exercised its discretion in granting the motion to impose the sanction of dismissal. *Young v. Jones*, 149 Ga. App. 819, 824-825 (256 SE2d 58) (1979).

---

[1] The general rule is that the trial court must conduct a hearing to determine if the recalcitrant party acted wilfully, unless the court can otherwise make a clear determination of wilfulness from the record. Id.

The Rices contend the trial court erred by granting Cannon's motion to dismiss the complaint for failure to attend their depositions because the court had not ruled on their pending motions seeking to compel Cannon to expand on answers he provided to their interrogatories, and seeking to compel three nonparties to provide documents sought in their nonparty requests for production of documents. We find no error. Even assuming the Rices were entitled to more complete responses to their discovery efforts, this did not excuse their repeated wilful refusal to attend their depositions. "Although a trial court may take into account both parties' actions during discovery when determining what sanctions are appropriate, the nature of the moving party's actions in responding to discovery requests does not preclude sanctions in its favor." *West v. Equifax Credit Information Svcs.*, 230 Ga. App. 41, 44 (495 SE2d 300) (1997) (physical precedent only). We find no basis to conclude that the trial court abused its discretion by imposing the sanction of dismissal on these facts.

After the Rices received their second set of deposition notices, they filed a motion and an amendment to the motion seeking a protective order relieving them from attending the depositions. As grounds for a protective order, the Rices contended in the motion and amended motion that Cannon should be barred from taking their depositions until he gave more complete answers to their interrogatories and other nonparties produced documents they sought in nonparty requests for production of documents, and that the pending motion for the protective order itself stayed their depositions. The record shows that the trial court notified the parties of the hearing on Cannon's motion to dismiss the complaint as a sanction for the Rices' failure to attend their depositions, but no notice was given to the parties that the trial court would, at the same time, conduct a hearing on the Rices' motions for a protective order. The order entered by the trial court on Cannon's dismissal motion shows that, at the time noticed for the hearing on the dismissal motion, the court also held a hearing on the Rices' motions for a protective order and concluded in the same order that those motions were denied because they "lacked any credible legal or factual basis."[2]

The Rices, who did not appear at the joint hearing despite receiving notice of the hearing on the dismissal motion, argue that the trial court erred by conducting a hearing on their motions for a protective order and denying the motions without giving them proper notice. We find that the grounds asserted by the Rices for a protective

---

[2] The trial court denied the Rices' motions for a protective order before it ruled on the motion for sanctions. See *King v. Bd. of Regents &c. of Ga.*, 238 Ga. App. 4, 5 (516 SE2d 581) (1999).

order provided no basis for the trial court to order that they were not obligated to attend their depositions. OCGA § 9-11-26 (c), which provides for protective orders related to depositions, states that "for good cause shown" the court "may make any order which justice requires to protect a party or person. . . ." This language is based on identical language contained in Rule 26 (c) of the Federal Rules of Civil Procedure. *Bicknell v. CBT Factors Corp.*, 171 Ga. App. 897, 898-899 (321 SE2d 383) (1984); *Millholland v. Oglesby*, 115 Ga. App. 715, 717 (155 SE2d 672) (1967) (Georgia protective order provisions based on federal provisions formerly contained in Fed. R. Civ. P. 30 (b)). As the Fifth Circuit has noted with respect to the Federal Rule, the protective order language

> places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard. He might also appear and seek to adjourn the deposition until an order can be obtained. But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains.

*Hepperle v. Johnston*, 590 F2d 609, 613 (5th Cir. 1979). Merely filing motions for a protective order did not relieve the Rices from the duty to appear at their depositions. Moreover, as stated above, even if the Rices could have prevailed on motions to compel more complete responses to their discovery efforts, this did not excuse them from the duty to attend their depositions. It follows that the trial court correctly concluded that nothing the Rices asserted in their motions for a protective order provided a legal basis for the court to exercise its discretion to relieve them from the duty to appear at their depositions. *Pilcher v. Stribling*, 278 Ga. App. 889, 890-891 (630 SE2d 94) (2006). It also follows that, even though the failure to notify the Rices of the hearing on their motions was error, the lack of any legal basis for the motions shows the error was harmless. *Ford v. Prudential Investment Co.*, 174 Ga. 163, 164-165 (162 SE 382) (1932); *Walton v. Datry*, 185 Ga. App. 88, 90-91 (363 SE2d 295) (1987).

There is no merit to the Rices' contention that they asserted a valid appearance conflict pursuant to Uniform Superior Court Rule (USCR) 17, and that the trial court erroneously failed to recognize the conflict and reschedule the hearing on Cannon's dismissal motion. After receiving thirty days notice of the August 3, 2005 hearing date, the Rices filed a pleading six days prior to the hearing date in which they notified the trial court that, "[p]ursuant to a matter involving national security," Mr. Rice was required by the United States

Government to be at a certain undisclosed location on the date of the hearing, which prevented him attending the hearing. The pleading informed the trial court that only those with a "need to know" under federal law could be told the details regarding Mr. Rice's conflict, and that the trial court had no need to know. The pleading further stated that the trial court "be hereby advised the Rices will not be able to attend the August 3, 2005 hearing scheduled by Judge Grubbs." This notice did not inform the trial court of a scheduling conflict pursuant to USCR 17, which applies to attorneys with appearance conflicts in other courts. The trial court did not err by conducting the hearing on Cannon's dismissal motion on August 3, 2005, despite the above notice from the Rices and their failure to appear at the hearing.

Contrary to the Rices' contentions, we find no error in the order by Cobb County Superior Court Judge Bodiford, to whom the present case was originally assigned, granting Cannon's motion to transfer the case pursuant to USCR 3.2 to Cobb County Superior Court Judge Grubbs. USCR 3.2 provides in relevant part: "When practical, all actions involving substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, whether pending simultaneously or not, shall be assigned to the same judge." After holding a hearing on the motion, Judge Bodiford found that the present action by the Rices against Cannon arose from a previous action presided over by Judge Grubbs, which was brought against the Rices by the Lost Mountain Homeowners Association, Inc. and the Architectural Control Committee of the Lost Mountain Township Homeowners Association (the Lost Mountain Associations). In the prior action, the Lost Mountain Associations obtained final injunctive relief from Judge Grubbs (affirmed on appeal in *Rice v. Lost Mountain Homeowners Assn.*, 269 Ga. App. 351 (604 SE2d 215) (2004)), which prohibited the Rices from maintaining a fence on their property in violation of restrictive covenants applicable to their residence. In the Rices' present action against Cannon, who was president of the Lost Mountain Associations, they sought to impose individual liability on Cannon alleging that he engaged in false swearing, conversion and fraud in the prior action. Noting an issue as to whether Cannon acted individually or within the scope of his authority as president of the associations in the prior action, and finding a close relationship between the issues in the prior and present actions, Judge Bodiford found that the present action involved substantially the same parties and subject matter as the prior action before Judge Grubbs. In the absence of any practical reason preventing Judge Grubbs from presiding over the present action, Judge Bodiford found that USCR 3.2 required that the present action be assigned and transferred to Judge Grubbs. On this record, we find no error in the exercise of the discretionary authority under USCR 3.2. *Lumpkin v. Johnson,* 270

Ga. 392, 395 (509 SE2d 621) (1998); *Robenolt v. Chrysler Financial Svcs. Corp.*, 201 Ga. App. 168, 169-170 (410 SE2d 365) (1991).

There is no merit to the Rices' contention that, upon accepting assignment and transfer of the action, Judge Grubbs erred by failing to enter a written order pursuant to USCR 3.3 consenting to transfer of the action. We find no requirement for a written order of consent in USCR 3.3.

After Cannon filed his motion before Judge Bodiford to transfer the action to Judge Grubbs, the Rices filed a motion before Judge Bodiford seeking a ruling that Judge Grubbs was disqualified and asking for denial of the transfer motion. The Rices contend that Judge Bodiford erred by failing to rule on the disqualification motion. We find no error. The disqualification motion addressed to Judge Bodiford and filed before the action was transferred to Judge Grubbs was premature.

2. In their third enumeration of error, the Rices contend Judge Grubbs erred by refusing to recuse herself from participation in the present action.

Four days after the action was transferred from Judge Bodiford to Judge Grubbs by order filed on November 12, 2004, the Rices filed a motion to recuse Judge Grubbs based on an affidavit stating that Judge Grubbs was biased against them because, on November 2, 2004, the Rices filed a pro se complaint in the United States District Court against Judge Grubbs, individually, seeking money damages based on allegations that their rights were violated by rulings made by Judge Grubbs in the prior related action brought against them by the Lost Mountain Associations.[3] Judge Grubbs entered an order on December 1, 2004, denying the motion to recuse on the basis that the suit against her did not require recusal and that the affidavit was legally insufficient to warrant recusal.

When a motion, accompanied by an affidavit, seeking recusal or disqualification of a judge for bias is filed pursuant to USCR 25, the judge whose recusal is sought is required to temporarily cease to act upon the merits of the case, and "shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted." (Citation, punctuation and emphasis omitted.) *Birt v. State*, 256 Ga. 483, 484 (350 SE2d 241) (1986). If the judge finds that the motion is timely, that the affidavit is legally sufficient, and that recusal would be

---

[3] The U. S. District Court dismissed the Rices' complaint on December 13, 2004, for lack of subject matter jurisdiction, and after considering the Rices' pro se appeal, the Eleventh Circuit Court of Appeals affirmed the dismissal on November 9, 2005. *Rice v. Grubbs*, 158 Fed. Appx. 163 (11th Cir. 2005).

warranted assuming some or all of the facts in the affidavit are true, then another judge shall be assigned to hear the motion to recuse. Id. In order to warrant recusal or disqualification, the alleged bias "must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (Citation and punctuation omitted.) Id. at 485. Moreover, the alleged bias must be

> of such a nature and intensity to prevent the complaining party from obtaining a trial uninfluenced by the court's prejudgment. To warrant disqualification of a trial judge the affidavit supporting the recusal motion must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.

*In re Estate of Robertson*, 271 Ga. App. 785, 790 (611 SE2d 680) (2005). No actual impartiality need be shown because it is enough that the judge's impartiality "might reasonably be questioned." Id.; Code of Judicial Conduct, Canon 3 (E) (1). The phrase "might reasonably be questioned" refers to a reasonable perception of lack of impartiality "held by a fair minded and impartial person based upon objective fact or reasonable inference." *Alexander v. State*, 276 Ga. App. 288, 291 (623 SE2d 160) (2005).

Judge Grubbs correctly ruled that the affidavit alleging the pending action filed against her by the Rices was legally insufficient to warrant recusal. The complaint in the action, a copy of which was attached to the affidavit, shows that it was based entirely on conclusory allegations that Judge Grubbs was biased against the Rices because she refused to grant their motion to recuse in the prior related action, and that Judge Grubbs was personally liable to the Rices for money damages because of rulings in the prior related action, which in the opinion of the Rices were void and illegal. Accordingly, the action was based on conclusory, unsubstantiated allegations stemming directly from the Rices' dissatisfaction with Judge Grubbs's rulings in the prior related action.[4] "The fact that the judge has sat on prior cases of the party or ruled on prior matters in the case before the judge is legally insufficient as a grounds for

---

[4] The Rices' dissatisfaction over the outcome of the prior fence dispute was not limited to Judge Grubbs. They have alleged that various judges, lawyers and officials in Cobb County, along with the Clerk of this Court and the office of the Georgia Attorney General, conspired to deprive them of their rights. In addition to seeking disqualification of every appellate judge on this Court, the Rices sought investigations into this matter by the Georgia Bureau of Investigation, the Federal Bureau of Investigation, and the United States Department of Justice.

recusal." *Baptiste v. State*, 229 Ga. App. 691, 697 (494 SE2d 530) (1997). We find nothing in the conclusory allegations of the complaint which could lead a fair minded and impartial person to conclude that Judge Grubbs's impartiality might reasonably be questioned. *Penney v. State*, 157 Ga. App. 737-738 (278 SE2d 460) (1981). Frivolous suits against sitting judges cannot be used by litigants to delay the administration of justice and to judge shop. *Baptiste*, 229 Ga. App. at 697.

The affidavit in support of the Rices' motion to recuse also states, without any factual elaboration, that Judge Grubbs is biased based on grounds previously asserted by the Rices in affidavits filed in the prior related action. The record shows that, before the action was transferred to Judge Grubbs, the Rices filed a recusal motion asserting that Judge Grubbs was biased in the present action because, during the period Judge Grubbs presided over the prior related action, she was present during a conversation in which certain nonparties informed her of facts about the prior action. The Rices filed no affidavit in the present case setting forth facts supporting this recusal claim, but instead referred to attached copies of their recusal motion and supporting affidavits filed in the prior related action. This failed to satisfy the requirement for an affidavit accompanying the recusal claims in the present case, and the trial court correctly ruled that the affidavit filed by the Rices in the present case was legally insufficient to warrant recusal on this claim. USCR 25.1, 25.2. Moreover, even if we were to reach the merits of this recusal claim, the affidavits did not set forth facts warranting recusal. The affidavits relied upon by the Rices were based on multiple layers of hearsay and alleged only that Judge Grubbs was present at a Cobb County Chamber of Commerce meeting when two nonparty individuals, who lived in the same residential subdivision as the Rices and who were aware of the pending action against the Rices, made unspecified comments to her about the action. Even if true, we find no facts alleged in the affidavits which demonstrate to a fair minded and impartial person that Judge Grubbs's impartiality could reasonably be questioned. *Wellons v. State*, 266 Ga. 77, 88 (463 SE2d 868) (1995); *Stevens v. Myers*, 190 Ga. App. 61, 62 (378 SE2d 334) (1989). Finally, to the extent the Rices claim that Judge Grubbs should have recused herself sua sponte because of personal bias, we find no merit in this claim for the reasons above stated. *Dodson v. Dean*, 256 Ga. App. 4, 7 (567 SE2d 348) (2002).

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED JANUARY 17, 2007 —
RECONSIDERATION DENIED FEBRUARY 6, 2007 — 

J. Andrew Rice, *pro se.*
Kathryn W. Rice, *pro se.*
*Hammond, Carter & DeNapoli, Anthony E. DeNapoli, Lewis S. Fine, Brock Clay, Richard W. Calhoun,* for appellee.