A08A2184. PASCAL v. PRESCOD.
(674 SE2d 623)

BERNES, Judge.

Charles J. Pascal, a pro se litigant, appeals the trial court's order dismissing his complaint as a sanction for his repeated failure to attend his properly noticed depositions. We discern no error and affirm.

OCGA § 9-11-37 (d) authorizes a trial court to impose immediate sanctions, including dismissal of an action with prejudice, when the plaintiff has wilfully failed to appear at his properly noticed deposition. See *Rice v. Cannon*, 283 Ga. App. 438 (1) (641 SE2d 562) (2007); *King v. Bd. of Regents &c. of Ga.*, 238 Ga. App. 4, 5-6 (3) (516 SE2d 581) (1999); *James v. Gray*, 229 Ga. App. 39 (494 SE2d 198) (1997); *Smith v. Adamson*, 226 Ga. App. 698, 701 (6) (487 SE2d 386) (1997). "A trial court has broad discretion to control discovery, including the imposition of sanctions, and this Court will not reverse the trial court's ruling on such matters absent the showing of a clear abuse of discretion." (Punctuation omitted.) *Woods v. Gatch*, 272 Ga. App. 642, 643 (613 SE2d 187) (2005). See also *Rice*, 283 Ga. App. at 438 (1).

The record in this case shows that Pascal sued appellee Tracie A. Prescod to recover for personal injuries that Pascal allegedly sustained during an automobile accident. During the discovery process, Prescod's defense counsel served Pascal with interrogatories and a request for production of documents. Pascal responded to the interrogatories, but refused to respond to the documents request.

On August 16, 2007, defense counsel sent a letter asking Pascal to submit verified responses to the discovery requests and to contact his office to arrange for the taking of his deposition. In response, Pascal sent defense counsel correspondence setting forth "some ground rules" for the conduct of discovery, and insisting that his terms and conditions be addressed before scheduling a deposition.

On August 31, 2007, defense counsel served Pascal with a notice scheduling Pascal's deposition for September 20, 2007 at defense

360

counsel's office. Two days before the scheduled deposition, Pascal sent a letter stating that he would not appear for the deposition, arguing, erroneously, that the discovery period had expired.[1] On October 11, 2007, defense counsel served Pascal with a second notice scheduling Pascal's deposition for November 29, 2007 at defense counsel's office.

Defense counsel also filed a motion to compel Pascal to serve responses to the request for production of documents. Following a hearing on the matter, the trial court entered an order granting the motion and advising the parties that sanctions would be imposed for any further discovery violation.

One day before the deposition scheduled for November 29, 2007, Pascal again sent a letter notifying defense counsel that he would not appear for the deposition. Defense counsel then served another notice scheduling Pascal's deposition for December 13, 2007 at the Gwinnett County courthouse, a location which accommodated Pascal's request that the deposition take place in his county of residence. Two days before the third re-scheduled deposition, Pascal sent defense counsel a letter stating that he would not appear for the deposition and that he refused to schedule his deposition until defense counsel addressed his previously proposed discovery terms and conditions.

Thereafter, defense counsel filed a motion seeking dismissal of the complaint as a sanction for Pascal's repeated failures to appear at the scheduled deposition. Pascal filed a response to the motion, asserting that he had failed to appear at the depositions because defense counsel had failed to address his "proposed plan for discovery."

At a hearing conducted on the motion to dismiss, the trial court questioned Pascal about his failure to appear at the depositions. Pascal contended that he had not appeared for the following reasons: (1) defense counsel had not addressed his proposed "plan [for] discovery," (2) he had not yet hired an attorney and wanted an attorney to assist him during the depositions, and (3) defense counsel's office was an inconvenient location for the depositions. The trial court rejected Pascal's explanations, found that Pascal had wilfully failed to appear at his properly noticed depositions without legal excuse, and granted the motion to dismiss the complaint with prejudice.

---

[1] The answer was filed on April 12, 2007. The discovery period did not expire until October 12, 2007, six months after the filing of the answer. See Uniform Superior Court Rule 5.1. Thereafter, the trial court granted an extension of the discovery period.

The trial court's findings were authorized in this case. As correctly stated by the trial court, the conduct of discovery in this matter was governed by the provisions of the Civil Practice Act codified in OCGA §§ 9-11-26 through 9-11-37. These provisions do not require the parties to confer or agree to a plan of discovery, nor was there a standing order issued by the trial court imposing any such requirement.[2] Thus, defense counsel was not required to address Pascal's proposed discovery plan and his failure to do so did not excuse Pascal's failure to attend his scheduled depositions.

Moreover, the trial court was authorized to reject as specious the other two reasons offered by Pascal for his failure to appear. The five-month period which elapsed between the scheduling of the first and third depositions afforded Pascal more than adequate time to hire an attorney had he wished to do so. And, the third deposition was scheduled at the Gwinnett County courthouse to specifically address Pascal's assertion that defense counsel's office was an inconvenient location. Despite defense counsel's efforts, Pascal still failed and refused to appear for his deposition.

Pascal nonetheless argues that under OCGA § 9-11-45 (b)[3] he could not be compelled to attend a deposition at defense counsel's office since it was located more than 30 miles from where he resided in Gwinnett County. His reliance upon the geographical limitations under OCGA § 9-11-45 (b) is misplaced. "[T]he geographical limitations of OCGA § 9-11-45 (b) [are] not applicable where a notice of deposition has issued under OCGA § 9-11-30 to a party in the lawsuit." *Warehouse Home Furnishings Distribs. v. Davenport*, 261 Ga. 853, 854 (2) (413 SE2d 195) (1992). Because Pascal was a party to the lawsuit, he was served with notices to take his deposition under OCGA § 9-11-30 (b), and the geographical limitations of OCGA § 9-11-45 (b) did not apply. Id. at 853-854 (2).

To the extent Pascal claims that the first two depositions were not properly noticed, he has waived his claim since he did not raise it in the trial court below. "We do not consider arguments neither raised nor ruled on by the court below and that are asserted for the

---

[2] The trial court had entered an order directing the parties to confer regarding the appropriateness of an alternative dispute resolution process, but the order did not require the parties to meet to devise a discovery plan. And, unlike Rule 26 (f) of the Federal Rules of Civil Procedure, the discovery provisions under Georgia's Civil Practice Act do not require the parties to meet and confer about a discovery plan. See OCGA § 9-11-26.

[3] OCGA § 9-11-45 (b) provides that
[a] person who is to give a deposition may be required to attend an examination: (1) In the county wherein he resides or is employed or transacts his business in person; (2) In any county in which he is served with a subpoena while therein; or (3) At any place which is not more than 30 miles from the county seat of the county wherein the witness resides, is employed, or transacts his business in person.

first time on appeal." (Citation and punctuation omitted.) *Tharp v. Vesta Holdings I, LLC*, 276 Ga. App. 901, 906 (2) (625 SE2d 46) (2005). But, even if this claim had not been waived, Pascal's argument presents no basis for reversal. The deposition notices served upon Pascal met the requirements of OCGA § 9-11-30 (b) (1) governing the provision of notice for depositions.

The evidence thus established that Pascal had wilfully failed to attend all three of his duly noticed depositions, without legal excuse. The trial court did not abuse its discretion in dismissing Pascal's complaint. See *Rice*, 283 Ga. App. at 438 (1); *Woods*, 272 Ga. App. at 644; *King*, 238 Ga. App. at 5-6 (3); *James*, 229 Ga. App. at 39-41; *Smith*, 226 Ga. App. at 701 (6).[4]

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 2, 2009.

Charles J. Pascal, *pro se.*
*McCurdy & Chandler, Frank R. Olson, Matthew L. Hilt*, for appellee.

---

[4] Compare *Cook v. Lassiter*, 159 Ga. App. 24, 25 (282 SE2d 680) (1981) (concluding that there was no evidence that defendant had wilfully failed to appear at his scheduled deposition; rather, the record showed that defendant was willing to comply if counsel would have agreed to a change in time and place for the deposition). Here, Pascal failed to contact defense counsel to schedule a mutually agreed upon date for his deposition as requested. Defense counsel nonetheless served Pascal with several deposition notices and had changed the location for the deposition to accommodate Pascal. Although Pascal had been afforded several opportunities to comply, he still did not appear for his deposition.