**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 21, 2018**

# In the Court of Appeals of Georgia

A18A0186. HEARD v. RUEF.

McMILLIAN, Judge.

William T. Heard, III, appeals the trial court's order holding him in contempt for failing to appear at a postjudgment deposition, ordering him to pay attorney fees and costs as sanctions for contempt, and ordering him to appear for a deposition in Georgia. This case raises an issue of first impression as to whether the geographical limits for depositions under OCGA § 9-11-45 (b) (3) apply to nonresident judgment debtors during postjudgment discovery. We find that because the trial court retained jurisdiction over Heard in connection with the judgment and OCGA § 9-11-45 (b) (3) does not apply to parties to a litigation such as Heard, the trial court was authorized to compel Heard to appear for a deposition in Georgia. However, we reverse the trial court's award of sanctions because a finding of contempt was not authorized in the absence of a court order directing Heard to appear for the deposition.

In September 2008, Andrea Ruef brought suit against Heard asserting claims for fraud, unjust enrichment, and breach of contract in connection with real estate held by the parties through their jointly owned limited liability company. Heard filed a timely answer to the complaint, denying liability. The parties ultimately reached a settlement of the claims and on April 5, 2010, entered into a consent judgment awarding Ruef damages against Heard in the principal amount of $1,270,570.77, plus $272,705.71 in accrued interest. After Heard failed to satisfy this judgment, Ruef obtained a writ of fieri facias, which was filed as of record on October 18, 2012.

Over four years later, on December 29, 2016, Ruef caused Heard to be personally served with a subpoena and notice of a deposition at a business address in Alabama through a private investigator licensed to serve process there. The notice set the deposition for January 25, 2017, in Atlanta, Georgia. After Heard failed to appear at the appointed place and time, Ruef filed a "Motion to Hold Defendant Heard in Contempt or in the Alternative to Compel," asking for an evidentiary hearing on the motion for contempt, an order compelling Heard to provide discovery, and an award of attorney fees and costs for the bringing of the motion. Ruef served the motion on Heard by mail at the same Alabama business address and later caused the Rule Nisi setting the hearing on the motion to be personally served on Heard on that address.

2

Heard responded by entering a special appearance to contest the trial court's jurisdiction over him and to argue, alternatively, that the subpoena was unenforceable under state and federal law. In support of this argument, Heard submitted an affidavit stating that he moved to Florida in 2008 and established legal residency there in 2009 and that Ruef had served him with the subpoena and notice of deposition at his work address in Alabama. Following a hearing, the trial court granted Ruef's motion, finding that Heard was subject to the court's jurisdiction and directing him to appear at any properly noticed deposition within the State of Georgia within 30 days. The trial court further ordered that Heard "be held in contempt and subject to pay [Ruef's] attorney fees and costs in an amount of $18,460.78 as sanctions."

On appeal, Heard argues that the trial court erred in finding him in contempt, fining him in an amount exceeding the statutory limit for criminal contempt under OCGA § 15-6-8 (5), and determining that it continued to have personal jurisdiction

over him more than seven years after entry of the consent judgment[1] such that he could be compelled to attend a postjudgment deposition in Georgia.

1. We turn first to Heard's argument that he cannot be compelled to come to Georgia for a deposition and begin our analysis with a review of Georgia's postjudgment discovery procedures. OCGA § 9-11-69 provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise. In aid of the judgment or execution, the judgment creditor, or his successor in interest when that interest appears of record, may do any or all of the following:
>
> (1) Examine any person, including the judgment debtor by taking depositions or propounding interrogatories;
>
> (2) Compel the production of documents or things; and

---

[1] Although Heard points to the fact that seven years have passed since the judgment was entered by the trial court, he raises no contention that the judgment is dormant or otherwise invalid. As noted above, the record shows that the judgment remains enforceable because the deposition was noticed less than ten years after rendition of the judgment. See OCGA §§ 9-12-60 (a) (1), (b); 9-12-61; *Automotive Credit Corp. v. White*, 344 Ga. App. 321, 323 (810 SE2d 166) (2018) (OCGA §§ 9-12-60 and 9-12-61, when read together, create a ten-year statute of limitation for Georgia judgments); *Corzo Trucking Corp. v. West*, 281 Ga. App. 361, 362-63 (636 SE2d 39) (2006) (same).

(3) Upon a showing of reasonable necessity, obtain permission from a court of competent jurisdiction to enter upon that part of real property belonging to or lawfully occupied by the debtor which is not used as a residence and which property is not bona fide in the lawful possession of another;

in the manner provided in this chapter for such discovery measures prior to judgment.

"The purpose of OCGA § 9-11-69 is to allow postjudgment discovery to aid a litigant to recover on a liability which has been established by a judgment, in the manner provided for such discovery measures prior to judgment." (Citation and punctuation omitted.) *Ostroff v. Coyner*, 187 Ga. App. 109, 117 (6) (369 SE2d 298) (1988). See also *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 414 (2) (a) (785 SE2d 72) (2016) (purpose of postjudgment discovery is to aid a litigant in obtaining satisfaction of a judgment). This Court has found that in addition to incorporating prejudgment discovery tools, OCGA § 9-11-69 actually expands the scope of discovery beyond that available during the pendency of an action by providing for the service of postjudgment interrogatories on "'any person,' regardless of whether that person was a party to the underlying action." *Esasky v. Forrest*, 231 Ga. App. 488, 489 (1) (a) (499 SE2d 413) (1998) (also holding that creditor was entitled to serve

5

postjudgment requests for production of documents against a party's spouse). Compare OCGA § 9-11-33 (a) (allowing the service of interrogatories only upon "*any other party*") (emphasis supplied). To aid in this postjudgment discovery process, "the trial court has the power to control the details of time, place and scope of [postjudgment] discovery. The court also is authorized to impose sanctions for failure to comply with its [postjudgment] discovery orders[.]" (Citation and punctuation omitted.) *Ostroff*, 187 Ga. App. at 117 (6).

After Heard failed to comply with Ruef's deposition notice and subpoena, Ruef filed her motion, and Heard argued in response that the trial court lacked the jurisdiction to compel him to appear at a deposition in Georgia because he is not a Georgia resident and because the location of the deposition violated the geographical limitations set forth under OCGA § 9-11-45 (b) (3). Under that provision, "[a] person who is to give a deposition may be required to attend an examination . . . [a]t any place which is not more than 30 miles from the county seat of the county wherein the witness resides, is employed, or transacts his business in person." OCGA § 9-11-45 (b). Heard argues that the Atlanta deposition noticed by Ruef fails to comply with the 30-mile requirement because he lives in Florida and works in Alabama.

6

Our Supreme Court has previously addressed the issue of whether a Georgia court has jurisdiction to compel a nonresident party to appear for a deposition in Georgia. In *Warehouse Home Furnishings Distributors v. Davenport*, 261 Ga. 853, 853 (1) (413 SE2d 195) (1992), the Supreme Court held that a nonresident plaintiff could be compelled to come to Georgia for a deposition. The Supreme Court noted that "[o]rdinarily one who chooses a forum should be required to make himself available for examination in that forum." Id. at 853 (1). Although Heard was not the plaintiff in the 2008 lawsuit, he was a party to the lawsuit and, in fact, consented to the entry of the judgment against him. We find under these circumstances that the trial court had jurisdiction to compel Heard to attend a postjudgment deposition noticed by Ruef in connection with enforcement of that judgment.

Heard cites to an earlier decision by our Supreme Court in *Blanton v. Blanton*, 259 Ga. 622 (385 SE2d 672) (1989), to support his argument that he should not be compelled to return to Georgia to be deposed. In that case, the plaintiff filed a divorce action in Georgia against a Texas resident, whom he alleged was his common-law wife and sought an order compelling her to come to Georgia for a deposition. The Supreme Court held that an out-of-state resident could not be compelled to come to Georgia for a deposition. 259 Ga. at 623 (1). However, that case was decided, not on

7

jurisdictional grounds, but rather under the geographical limitations set forth in OCGA § 9-11-45 (b), and in *Davenport,* the Supreme Court expressly limited its holding in *Blanton* by distinguishing depositions of a party obtainable via notice pursuant to OCGA § 9-11-30 from depositions that require a subpoena. The Court held that "the geographic limitation[] of OCGA § 9-11-45 (b) is not applicable where a notice of deposition has issued under OCGA § 9-11-30 to a party in the lawsuit." *Davenport*, 261 Ga. at 854 (2). See also *Pascal v. Prescod*, 296 Ga. App. 359, 361 (674 SE2d 623) (2009).

Accordingly, under OCGA § 9-11-69, Ruef was entitled to employ the same discovery procedures against Heard during postjudgment proceedings as she was entitled to use before the entry of judgment. Ruef properly noticed Heard's postjudgment deposition in accordance with OCGA § 9-11-30, and the geographical limitations of OCGA § 9-11-45 do not apply to such a deposition. See *Davenport*, 261 Ga. at 854 (2). Nevertheless, if Heard found attendance at a deposition in Georgia "to be oppressive or unduly expensive or burdensome" to him, the proper procedure for him to follow was "to seek relief by asking the trial court to exercise its discretion under OCGA § 9-11-26 (c)" to issue a protective order. Id. at 853 (1). Although Heard opposed Ruef's motion to compel, he did not request a protective order or

8

establish the statutory grounds for the issuance of such an order. Accordingly, we affirm the portion of the trial court's order requiring Heard to appear in Georgia for a deposition.

2. We turn next to the sanctions imposed on Heard by the trial court for failure to appear at his deposition. As an initial matter, and because it would affect our review, we must first determine whether the trial court found Heard in contempt or whether, as Ruef contends, the trial court awarded attorney fees as discovery sanctions under OCGA § 9-11-37 (d) (1). The trial court's order clearly provides that "[i]t is further ORDERED that [Heard] be held in contempt and subject to pay [Ruef's] attorneys' fees and costs in an amount of $18,460.78 as sanctions." That determination apparently was prompted by Ruef's motion seeking a finding of contempt and attorney fees as sanctions. Although Ruef argues on appeal that the trial court's use of the word "contempt" is merely a scrivener's error, she has pointed to no evidence in support of this argument, nor does the record indicate that she sought to have any such error corrected by the trial court. Therefore, we must take the language of the order at face value, and we will review the sanctions order as one for contempt. See *Lutz v. Lutz*, 302 Ga. 500, 503 (2) (807 SE2d 336) (2017).

Under Georgia law, OCGA § 9-11-37 governs the imposition of sanctions for the failure to attend a deposition. Subsection (b) (1) of that statute allows for the imposition of sanctions where "a deponent fails to be sworn or to answer a question after being directed to do so by the court in the county in which the deposition is being taken[]" and notes that such a failure may be considered a contempt of that court. Likewise, Subsection (b) (2) (D) of the statute allows the court in which an action is pending to issue an order of contempt if a party fails to comply with a discovery order, other than an order to submit to a physical or mental examination. This Court has interpreted OCGA § 9-11-37 (b) to mean that a finding of contempt based on a discovery violation is not authorized in the absence of an order of the court. *Krueger v. Krueger*, 146 Ga. App. 461, 462 (1) (246 SE2d 469) (1978). See also *Cook v. Lassiter*, 159 Ga. App. 24, 24 (282 SE2d 680) (1981). Because the trial court had not yet ordered Heard to appear for deposition, the trial court's finding of contempt was not authorized under OCGA § 9-11-37 (b).

Nevertheless, Ruef asks us to affirm the trial court's award of sanctions under OCGA § 9-11-37 (d) under the principle of right for any reason. However, an award of attorney fees under subsection (d) is authorized "unless the court finds that the failure was substantially justified or the court finds that other circumstances make an

award of expenses unjust." OCGA § 9-11-37 (d) (1). The imposition of sanctions under subsection (d) requires the consideration of these factors, which may or may not be required for the imposition of sanctions in conjunction with a finding of contempt. Therefore, we cannot affirm the award of sanctions based on the record before us.

Accordingly, we reverse the portion of the trial court's order holding Heard in contempt and awarding attorney's fees as sanctions.[2]

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Reese, J., concur.*

---

[2] We express no opinion on whether the trial court should have awarded attorney's fees in conjunction with the finding of contempt under the circumstances of this case.

11