**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 21, 2018**

# In the Court of Appeals of Georgia

A18A0186. HEARD v. RUEF.

MCMILLIAN, Judge.

William T. Heard, III, appeals the trial court's order holding him in contempt for failing to appear at a postjudgment deposition, ordering him to pay attorney fees and costs as sanctions, and ordering him to appear for a deposition in Georgia. This case raises an issue of first impression as to whether the geographical limits for depositions under OCGA § 9-11-45 (b) (3) apply to nonresident judgment debtors during postjudgment discovery. We find that because the trial court retained jurisdiction over Heard in connection with the judgment and OCGA § 9-11-45 (b) (3) does not apply to parties to a litigation such as Heard, the trial court was authorized to compel Heard to appear for a deposition in Georgia. However, we find that the trial court lacked jurisdiction to grant the motion for contempt because Heard was not

personally served with that motion. We therefore reverse the portion of the trial court's order imposing contempt sanctions.

In September 2008, Andrea Ruef brought suit against Heard asserting claims for fraud, unjust enrichment, and breach of contract in connection with real estate held by the parties through their jointly owned limited liability company. Heard filed a timely answer to the complaint, denying liability. The parties ultimately reached a settlement of the claims and on April 5, 2010, entered into a consent judgment awarding Ruef damages against Heard in the principal amount of $1,270,570.77, plus $272,705.71 in accrued interest. After Heard failed to satisfy this judgment, Ruef obtained a writ of fieri facias, which was filed as of record on October 18, 2012.

Over four years later, on December 29, 2016, Ruef caused Heard to be personally served with a subpoena and notice of a deposition at a business address in Alabama through a private investigator licensed to serve process there. The notice set the deposition for January 25, 2017, in Atlanta, Georgia. After Heard failed to appear at the appointed place and time, Ruef filed a "Motion to Hold Defendant Heard in Contempt or in the Alternative to Compel," asking for an evidentiary hearing on the motion for contempt, an order compelling Heard to provide discovery, and an award of attorney fees and costs for the bringing of the motion. Ruef served the motion on

Heard by mail at the same Alabama business address, and Heard responded by entering a special appearance to contest the trial court's jurisdiction over him and to argue, alternatively, that the subpoena was unenforceable under state and federal law. In support of this argument, Heard submitted an affidavit stating that he moved to Florida in 2008 and established legal residency there in 2009 and that Ruef had served him with the subpoena and notice of deposition at his work address in Alabama. Following a hearing, the trial court granted Ruef's motion, finding that Heard was subject to the court's jurisdiction and directing him to appear at any properly noticed deposition within the State of Georgia within 30 days. The trial court further ordered that Heard "be held in contempt and subject to pay [Ruef's] attorney fees and costs in an amount of $18,460.78 as sanctions."

On appeal, Heard argues that the trial court erred in finding him in contempt, fining him in an amount exceeding the statutory limit for criminal contempt under OCGA § 15-6-8 (5), and determining that it continued to have personal jurisdiction

over him more than seven years after entry of the consent judgment[1] such that he could be compelled to attend a postjudgment deposition in Georgia.

1. We turn first to Heard's argument that he cannot be compelled to come to Georgia for a deposition and begin our analysis with a review of Georgia's postjudgment discovery procedures. OCGA § 9-11-69 provides:

> Process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise. In aid of the judgment or execution, the judgment creditor, or his successor in interest when that interest appears of record, may do any or all of the following:
>
> (1) Examine any person, including the judgment debtor by taking depositions or propounding interrogatories;
>
> (2) Compel the production of documents or things; and

---

[1] Although Heard points to the fact that seven years have passed since the judgment was entered by the trial court, he raises no contention that the judgment is dormant or otherwise invalid. As noted above, the record shows that the judgment remains enforceable because the deposition was noticed less than ten years after rendition of the judgment. See OCGA §§ 9-12-60 (a) (1), (b); 9-12-61; *Automotive Credit Corp. v. White*, 344 Ga. App. 321, 323 (810 SE2d 166) (2018) (OCGA §§ 9-12-60 and 9-12-61, when read together, create a ten-year statute of limitation for Georgia judgments); *Corzo Trucking Corp. v. West*, 281 Ga. App. 361, 362-63 (636 SE2d 39) (2006) (same).

4

(3) Upon a showing of reasonable necessity, obtain permission from a court of competent jurisdiction to enter upon that part of real property belonging to or lawfully occupied by the debtor which is not used as a residence and which property is not bona fide in the lawful possession of another;

in the manner provided in this chapter for such discovery measures prior to judgment.

"The purpose of OCGA § 9-11-69 is to allow postjudgment discovery to aid a litigant to recover on a liability which has been established by a judgment, in the manner provided for such discovery measures prior to judgment." (Citation and punctuation omitted.) *Ostroff v. Coyner*, 187 Ga. App. 109, 117 (6) (369 SE2d 298) (1988). See also *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 414 (2) (a) (785 SE2d 72) (2016) (purpose of postjudgment discovery is to aid a litigant in obtaining satisfaction of a judgment). This Court has found that in addition to incorporating prejudgment discovery tools, OCGA § 9-11-69 actually expands the scope of discovery beyond that available during the pendency of an action by providing for the service of postjudgment interrogatories on "'any person,' regardless of whether that person was a party to the underlying action." *Esasky v. Forrest*, 231 Ga. App. 488, 489 (1) (a) (499 SE2d 413) (1998) (also holding that creditor was entitled to serve

5

postjudgment requests for production of documents against a party's spouse). Compare OCGA § 9-11-33 (a) (allowing the service of interrogatories only upon "*any other party*") (emphasis supplied). To aid in this postjudgment discovery process, "the trial court has the power to control the details of time, place and scope of [postjudgment] discovery. The court also is authorized to impose sanctions for failure to comply with its [postjudgment] discovery orders[.]" (Citation and punctuation omitted.) *Ostroff*, 187 Ga. App. at 117 (6).

After Heard failed to comply with Ruef's deposition notice and subpoena, Ruef filed her motion, and Heard argued in response that the trial court lacked the jurisdiction to compel him to appear at a deposition in Georgia because he is not a Georgia resident and because the location of the deposition violated the geographical limitations set forth under OCGA § 9-11-45 (b) (3). Under that provision, "[a] person who is to give a deposition may be required to attend an examination . . . [a]t any place which is not more than 30 miles from the county seat of the county wherein the witness resides, is employed, or transacts his business in person." OCGA § 9-11-45 (b). Heard argues that the Atlanta deposition noticed by Ruef fails to comply with the 30-mile requirement because he lives in Florida and works in Alabama.

6

Our Supreme Court has previously addressed the issue of whether a Georgia court has jurisdiction to compel a nonresident party to appear for a deposition in Georgia. In *Warehouse Home Furnishings Distributors v. Davenport*, 261 Ga. 853, 853 (1) (413 SE2d 195) (1992), the Supreme Court held that a nonresident plaintiff could be compelled to come to Georgia for a deposition. The Supreme Court noted that "[o]rdinarily one who chooses a forum should be required to make himself available for examination in that forum." Id. at 853 (1). Although Heard was not the plaintiff in the 2008 lawsuit, he was a party to the lawsuit and, in fact, consented to the entry of the judgment against him. We find under these circumstances that the trial court had jurisdiction to compel Heard to attend a postjudgment deposition noticed by Rueff in connection with enforcement of that judgment.

Heard cites to an earlier decision by our Supreme Court in *Blanton v. Blanton*, 259 Ga. 622 (385 SE2d 672) (1989), to support his argument that he should not be compelled to return to Georgia to be deposed. In that case, the plaintiff filed a divorce action in Georgia against a Texas resident, whom he alleged was his common-law wife and sought an order compelling her to come to Georgia for a deposition. The Supreme Court held that an out-of-state resident could not be compelled to come to Georgia for a deposition. 259 Ga. at 623 (1). However, that case was decided, not on

7

jurisdictional grounds, but rather under the geographical limitations set forth in OCGA § 9-11-45 (b), and in *Davenport,* the Supreme Court expressly limited its holding in *Blanton* by distinguishing depositions of a party obtainable via notice pursuant to OCGA § 9-11-30 from depositions that require a subpoena. The Court held that "the geographic limitation[] of OCGA § 9-11-45 (b) is not applicable where a notice of deposition has issued under OCGA § 9-11-30 to a party in the lawsuit." *Davenport*, 261 Ga. at 854 (2). See also *Pascal v. Prescod*, 296 Ga. App. 359, 361 (674 SE2d 623) (2009).

Accordingly, under OCGA § 9-11-69, Rueff was entitled to employ the same discovery procedures against Heard during postjudgment proceedings as she was entitled to use before the entry of judgment. Rueff properly noticed Heard's postjudgment deposition in accordance with OCGA § 9-11-30, and the geographical limitations of OCGA § 9-11-45 do not apply to such a deposition. See *Davenport*, 261 Ga. at 854 (2). Nevertheless, if Heard found attendance at a deposition in Georgia "to be oppressive or unduly expensive or burdensome" to him, the proper procedure for him to follow was "to seek relief by asking the trial court to exercise its discretion under OCGA § 9-11-26 (c)" to issue a protective order. Id. at 853 (1). Although Heard opposed Rueff's motion to compel, he did not request a protective order or

8

establish the statutory grounds for the issuance of such an order. Accordingly, we affirm the portion of the trial court's order requiring Heard to appear in Georgia for a deposition.

2. We turn next to the sanctions imposed on Heard by the trial court. As an initial matter, and because it would affect our review, we must first determine whether the trial court found Heard in contempt or whether, as Ruef contends, the trial court awarded attorney fees as discovery sanctions under OCGA § 9-11-37 (d) (1). The trial court's order clearly provides that "[i]t is further ORDERED that [Heard] be held in contempt and subject to pay [Rueff's] attorneys fees' and costs in an amount of $18,460.78 as sanctions." That determination apparently was prompted by Ruef's motion seeking a finding of contempt and attorney fees as sanctions. Accordingly, we will review the sanctions order as one for contempt.

Our Supreme Court has long held that even though a trial court retains jurisdiction to enforce its judgments, if the party to be held in contempt has removed his residence to another jurisdiction, the contempt motion and rule nisi must be served personally, consistent with the provisions of Georgia's Long Arm Statute, OCGA § 9-10-91, or the nonresident must waive personal service. *Dyer v. Surratt*, 266 Ga.

9

220, 221 (3) (466 SE2d 584) (1996); *Ashburn v. Baker*, 256 Ga. 507, 509 (2) (350 SE2d 437) (1986); *Downey v. Downey*, 250 Ga. 497, 497 (299 SE2d 558) (1983).

Pretermitting how Heard could have been personally served consistent with the Long Arm Statute, it is undisputed that Ruef did not personally serve her motion on Heard in Georgia or elsewhere. Instead, Ruef served the motion by mail to Heard's last known business address in Alabama. Although she personally served Heard with the notice of deposition and subpoena at this work address, it is the service of the rule nisi that invokes the trial court's jurisdiction over a party to a postjudgment contempt proceeding. See *Brown v. King*, 266 Ga. 890, 891 (1) (472 SE2d 65) (1996). Heard did not waive the issue of personal jurisdiction as to Rueff's contempt motion, as he raised jurisdictional issues in his responsive pleading,[2] and his attached affidavit established that Ruef's method of serving her contempt motion was insufficient to imbue the trial court with personal jurisdiction over him for the contempt proceeding. Accordingly, pretermitting whether the amount and form of the sanctions imposed

---

[2] Although Ruef's counsel asserted at the motion hearing that Heard waived these arguments because his response to the motion was untimely as it was filed more than 30 days after service, see USCR 6.2, she does not assert the issue of waiver on appeal. In any event, a late responsive filing does not waive all arguments against a motion. See *Steinichen v. Stancil*, 281 Ga. 75, 78 (2) (635 SE2d 158) (2006); *Griffin Builders v. Synovus Bank*, 320 Ga. App. 307, 309 (739 SE2d 760) (2013) (summary judgment).

would be authorized by a finding of contempt, we reverse the portion of the trial court's order imposing such sanctions because the trial court lacked personal jurisdiction over Heard with regard to Rueff's motion for contempt.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Reese, J., concur.*

11