**THIRD DIVISION**
**DILLARD, C. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 15, 2019**

# In the Court of Appeals of Georgia

A19A0607. CHARLES DRAIN v. PETER LEE.

GOBEIL, Judge.

Peter Lee received a judgment against Lovone Joyce Drain in February 2017. Since that time, Lee has attempted to collect on that judgment through post-discovery means, including discovery to Charles Drain, Lovone Drain's husband. After Charles Drain repeatedly refused to provide any documents or engage in the post-judgment discovery process, the court granted Lee's motion to compel discovery and ordered Charles Drain to comply with its previous orders, respond to Lee's post-judgment interrogatories and requests to produce, and sit for a deposition. Charles Drain has directly appealed from that order. Although the case remains pending in the trial court, Charles Drain contends he is entitled to a direct appeal from a collateral order. Lee has filed a motion to dismiss.

Under the collateral order doctrine, an interlocutory order may be appealed directly if it: "(1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal[.]" *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007) (citation and punctuation omitted). As a general rule, discovery rulings do not constitute collateral orders. See *Gen. Motors Corp. v. Hammock*, 255 Ga. App. 131 (564 SE2d 536) (2002).

Charles Drain contends that the order should nonetheless be considered a collateral order because he is a non-party to the original action and judgment. It appears from the record, however, that Charles Drain is Lovone Drain's husband, and this Court has previously held that "[t]he non-party spouse of a judgment debtor is . . . within the scope of post-judgment discovery, including post-judgment interrogatories." *Esasky v. Forrest*, 231 Ga. App. 488, 489 (1) (a) (499 SE2d 413) (1998). Under these circumstances, the discovery sought from Charles Drain is not substantially separate from Lee's post-judgment attempts to recover money from Lovone Drain. See, e. g., *Britt*, 282 Ga. at 748 (1). Accordingly, the collateral order doctrine has no application, and Charles Drain was required to comply with the

2

interlocutory appeal procedures–including obtaining a certificate of immediate review from the trial court–to appeal. See OCGA § 5-6-34 (b). Because Charles Drain did not follow the interlocutory appeal procedures, this Court is without jurisdiction to consider this appeal, and the same is dismissed.

Lee requests that this Court impose a penalty of $2,500 against Charles Drain for filing a frivolous appeal.[1] We decline to find this appeal is frivolous or to impose a penalty at this time.

*Appeal dismissed. Dillard, C. J., and Hodges, J., concur.*

---

[1] Court of Appeals Rule 7 (e) (2) provides for the imposition of "a penalty not to exceed $2,500 against any party and/or a party's counsel in any civil case in which there is a direct appeal . . . which is determined to be frivolous."